UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BORENSTEIN,<br><br>　　Plaintiff<br><br>v.<br><br>LEAD ANIMAL SHELTER ANIMAL FOUNDATION, CLARK COUNTY ANIMAL CONTROL,[1]<br><br>　　Defendants | Case No.: 2:19-cv-00985-APG-DJA<br><br>**Order Granting in Part Plaintiff's Motion to Lift Stay**<br><br>[ECF No. 36] |

Plaintiff Brian Borenstein filed a motion for a temporary restraining order (TRO) seeking the return of his service dog, Mana, who was adopted out to a non-party unknown person after being placed in The Animal Foundation's (TAF) care. On October 15, 2019, I denied Borenstein's motion, but granted him leave to file an amended complaint. ECF No. 19. Borenstein filed an interlocutory appeal and the parties stipulated to staying the case pending the Ninth Circuit's decision. ECF Nos. 33; 34. Borenstein now moves to lift the stay and identify Mana's adopter so Borenstein can add them as a party to the case. ECF No. 36. Borenstein intends to add claims, one of which has a limitation period that expires on May 11, 2020. He also argues that the adopter must be disclosed so they can be served to avoid the risk that the amended complaint will not relate back once the adopter's true identity is discovered.

TAF responds that it is unlikely any claim that will arise in this case would have a limitation period that expires on May 11, 2020. It also argues that Borenstein has provided no authority or justification to change my prior determination that the adopter need not be disclosed

---

[1] The Animal Foundation was improperly named as Lead Animal Shelter Animal Foundation. The clerk of court is instructed to amend the caption to properly name The Animal Foundation as the defendant.

at this stage of the litigation, and that Borenstein fails to explain why he cannot file an amended complaint with Doe defendants.

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). The parties stipulated to the stay, so I granted it. Considering the interests of both parties, the concern for unnecessarily expending judicial and other resources, and the fact that the Ninth Circuit's decision will impact the way this case proceeds, I will lift the stay for a limited purpose. Borenstein may file an amended complaint naming Doe defendants before the limitation period on one or more of his claims allegedly expires on May 11, 2020. However, TAF will not be required to respond to the amended complaint at this time, and the stay will remain in effect until the Ninth Circuit's decision.[2]

Borenstein argues that he cannot proceed with Doe defendants because procedural rules require all parties to be named in the caption of the complaint. He cites *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) to support his argument and states he would not object to the adopter proceeding under a pseudonym if they meet the *Advanced Textile Corp.* "special circumstances" requirements. *See Advanced Textile Corp.*, 214 F.3d at 1068 (holding that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity"). The circumstances here are different, as we have a plaintiff seeking to compel the identity of a potential party rather than wait to learn

---

[2] Borenstein's counsel appeared willing to stipulate to postponing TAF's answer or other responsive pleading. ECF No. 36-2 at 4 (email exchange between counsel).

the name through the traditional discovery process. While the use of Doe defendants is generally disfavored, exceptions apply. As I touched on at the TRO hearing, sound policy reasons underlie the practice of protecting the privacy of animal adopters. Thus, I decline to compel TAF to identify the adopter at this stage.

Further, while Borenstein has not specified what claims he intends to bring against the adopter, I cannot discern what colorable federal claim he could assert. Thus, I would be exercising supplemental jurisdiction over any state law claims against the adopter and Nevada law, not the Federal Rules of Civil Procedure, would govern Doe pleading. *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799-801 (9th Cir. 1986) (holding that California law governed the naming of Doe defendants and "it is not the purpose of [Federal] Rule 15(c) to raise a limitations bar that is not supported by the underlying state rule"). In Nevada, a party may designate an unknown defendant and later amend the pleading once the defendant's name is discovered. Nev. R. Civ. P. 10(d). To do so, the plaintiff must "(1) plead a fictitious or Doe defendant in the caption of the original complaint; (2) plead the basis for naming defendants by other than their true identity, and clearly specify the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercise reasonable diligence in ascertaining the identity of the intended defendants and promptly move to amend the complaint." *Nurenberger Hercules-Werke GMBH v. Virostek*, 822 P.2d 1100, 1106 (Nev. 1991), *abrogated on other grounds by Costello v. Casler*, 254 P.3d 631 (Nev. 2011). This district has continued to apply *Nurenberger* to allow Doe pleadings to proceed in cases where the identities of the defendants are not known at the time the complaint is filed. *See e.g., Chase v. Atlas Copco Craelius AB*, No. 2:10-cv-02249-PMP-PAL, 2012 WL 1068085, at *2 (D. Nev. Mar. 28, 2012) ("*Costello* did not overrule *Nurenberger's* main holding that a plaintiff may utilize Doe pleading

under Rule 10(a) and the substitution of a named party for the Doe defendant will relate back if the plaintiff meets the three part test in *Nurenberger*.").  Accordingly, I deny Borenstein's request to force TAF to disclose who adopted Mana at this stage.  He may file an amended complaint naming Doe defendants, and when the stay is lifted he may substitute the adopter for the Doe defendants if the adopter's name is ultimately discovered.

I THEREFORE ORDER that Brian Borenstein's motion to lift the stay and compel information **(ECF No. 36) is GRANTED in part.**  Borenstein may file an amended complaint, but the stay remains in effect pending the Ninth Circuit's decision on Borenstein's interlocutory appeal.  I deny Borenstein's request to compel The Animal Foundation to provide the name of the adopter.

I FURTHER ORDER the clerk of court to amend the caption to correctly name defendant The Animal Foundation.

DATED this 5th day of May, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE