UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BORENSTEIN, | Case No.: 2:19-cv-00985-APG-DJA |
| Plaintiff | **Order on Motion for Clarification** |
| v. | [ECF No. 43] |
| THE ANIMAL FOUNDATION, et al., | |
| Defendants | |

Plaintiff Brian Borenstein seeks clarification of my order (ECF No. 39) granting in part his motion to lift the stay. ECF No. 43. The Animal Foundation (TAF) partially opposes the motion, arguing that Borenstein is actually seeking reconsideration of my order and to compel early discovery.

Borenstein originally move to lift the stay due to statute of limitations concerns on several causes of action he intended to pursue in an amended complaint. I lifted the stay in part to allow him to file his amended complaint before any limitation period expired, while upholding the stay in other respects so as to not prejudice TAF by having to litigate in two forums when the parties had initially stipulated to the stay. After reading the briefing and the amended complaint, I now clarify and modify my order.[1] *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction) (quotation and emphasis omitted).

---

[1] Had Borenstein presented his other arguments about why he sought to have the stay lifted the first time, this motion for clarification would not have been necessary. Failure to provide all pertinent information unnecessarily expends the parties' and the court's time and resources.

      The stay will remain in effect until the close of the parties' Ninth Circuit oral argument, which is scheduled for June 10, 2020.  After that oral argument is completed, there is no reason to keep the stay in place.  The amended complaint identifies additional defendants and new causes of action that are not directly impacted by the interlocutory appeal.  And Borenstein alleges that he cannot seek intermediate relief in the form of another service or emotional support animal because TAF purportedly warned other shelters in the Las Vegas area not to let him adopt.  Therefore, it appears that litigation is his sole avenue to seek redress.  Accordingly, the stay will be lifted as to all parties on June 11, 2020, at which point Borenstein may serve the parties and proceed with his case.  Should he need additional time to effectuate service, I will consider granting it upon request.

      Further, Borenstein's request for miscellaneous relief is denied as moot as I have decided to lift the stay.  The requests (seeking assurances as to Mana's condition and requesting production of the purported warning not to let Borenstein adopt a dog) may be addressed through discovery.

      I THEREFORE ORDER that plaintiff Brian Borenstein's motion for clarification **(ECF No. 43) is GRANTED** as follows: the stay will remain in effect through June 10, 2020.  Borenstein shall serve the defendants on or after June 11, 2020.  Borenstein's request for miscellaneous relief is denied.

      DATED this 8th day of June, 2020.

                                                      ANDREW P. GORDON
                                                    UNITED STATES DISTRICT JUDGE