# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN BORENSTEIN,

    Plaintiff,

v.

THE ANIMAL FOUNDATION, *et al*.,

    Defendants.

Case No.: 2:19-cv-00985-APG-DJA

**ORDER**

    Pending before the Court is Defendants' Motion to Stay Discovery (ECF No. 94), filed on September 18, 2020. The Court also considered the Joinders (ECF Nos. 99-100), filed on September 29, 2020, Plaintiff's Response (ECF No. 101), filed on October 1, 2020, and Defendants' Reply (ECF No. 105), filed on October 8, 2020. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

    Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may

1

be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

After considering all of the arguments raised by the parties, the Court finds that Defendants have carried their burden of demonstrating that a stay of discovery is warranted in this case. Having taken a preliminary peek at the pending motions to dismiss, the Court is not convinced that Plaintiff's case will survive dismissal or at the least, that the scope of the discovery in this case may be significantly impacted by how many causes of action survive dismissal. The Court notes its view "may be very different than how the assigned district judge will see the . . . picture." *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, *4 (D. Nev. Oct. 10, 2012). Nevertheless, the Court agrees with Defendant that the pending motions warrant a stay of discovery as discovery is a time-consuming and costly endeavor. The

pending motions are dispositive of the entire case and no discovery is necessary for an order to be issued on them.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Discovery (ECF No. 94) is **granted**.

IT IS FURTHER ORDERED that the Stipulated Discovery Plan and Scheduling Order (ECF No. 95) is **denied without prejudice**.

IT IS FURTHER ORDERED that the parties shall file a stipulated discovery plan and scheduling order within 14 days of an Order on the pending motions to dismiss to the extent that the case survives and review the amendments to the Local Rules of Practice for the District of Nevada that were adopted on April 17, 2020, specifically Local Rules 26-1 through 26-7, to ensure that they submit a compliant plan.

Dated: October 13, 2020

_____
Daniel J. Albregts
United States Magistrate Judge