1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRIAN BORENSTEIN,

      Plaintiff(s),

v.

THE ANIMAL FOUNDATION, et al.,

      Defendant(s).

Case No. 2:19-cv-00985-CDS-NJK

**Order**

[Docket Nos. 248, 254]

11      Pending before the Court is Plaintiff Brian Borenstein's motion to compel discovery and

12 motion for attorneys' fees. Docket Nos. 248, 254. Defendant The Animal Foundation (TAF) filed

13 a response in opposition. Docket No. 259.[1] Plaintiff filed replies. Docket Nos. 262, 263. The

14 motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed

15 more fully below, the motion to compel and the motion for attorneys' fees are both **DENIED**.

16 **I.**     **BACKGROUND**

17      Plaintiff adopted a purported service dog, Mana, from a shelter and trained the dog to assist

18 him with tasks that are difficult due to his disabilities.[2] While Plaintiff was hospitalized after a

19 heart attack, Plaintiff informed the staff at Sunrise Hospital and Medical Center, LLC (Sunrise

20 Hospital) that he had left Mana in his car and that he had no one to take care of the dog. The

21 Sunrise Hospital staff called Clark County Animal Control (CCAC) to pick up Mana, and the

22

23       [1] Plaintiff invites the Court to reject this opposition in its entirety because it was filed a day
late. *See* Docket No. 262 at 2 n.1. Although the deadline should have been clear to defense
24 counsel, it appears that the brief may have been filed late given the need for Plaintiff to refile the
motion for attorneys' fees as a separate document, which he did not do until July 12, 2022. *See*
25 Docket No. 254. At any rate, the Court will not adjudicate this motion on a technicality based on
a one-day delay in filing this brief given the circumstances of this case. *Cf. V5 Techs. v. Switch,*
26 *Ltd.*, 2018 WL 5291853, at *1 n.2 (D. Nev. July 19, 2018).

27       [2] The Court provides a relatively brief background derived from the prior recitation of the
facts by United States District Judge Andrew P. Gordon. *See Borenstein v. Animal Found.*, 526
28 F. Supp. 3d 820, 832-35 (D. Nev. 2021), *recon. denied*, 2021 WL 3472190 (D. Nev. Aug. 5, 2021).

1

1 officers placed Mana at a shelter run by TAF for a ten-day hold.  Plaintiff alleges that while he
2 was still hospitalized, he contacted CCAC and TAF numerous times to ask for a hold extension
3 for Mana but they were unresponsive.  After roughly 18 days, TAF lifted the hold on Mana and he
4 was adopted shortly thereafter.  When Plaintiff tried to claim Mana after leaving the hospital, he
5 was told it was too late.

6         Plaintiff filed this lawsuit and contacted various public and private officials in the
7 community for assistance in reclaiming Mana.  TAF then refused to adopt a new animal to Plaintiff.
8 Henderson Animal Shelter also refused to adopt to Plaintiff, telling him that TAF created an
9 electronic warning telling other shelters in Clark County not to adopt to him.

10        The parties are currently before the Court on Plaintiff's motion to compel TAF to provide
11 the name and address of every employee, agent, or volunteer who worked for TAF from April 1,
12 2019, to June 30, 2019.  Docket No. 248.

13 **II.        MOTION TO COMPEL**

14        A.        STANDARDS

15        "The discovery process in theory should be cooperative and largely unsupervised by the
16 district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).  When an
17 amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery
18 may move the Court to issue an order compelling that discovery.  Fed. R. Civ. P. 37(a).  The party
19 seeking to avoid discovery bears the burden of showing why that discovery should not be
20 permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

21        "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v.*
22 *Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  The discovery rules emphasize the need for judicial
23 oversight to ensure that "the pretrial process must provide parties with efficient access to what is
24 needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v.*
25 *Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016).  Hence, "courts have a duty to pare
26 down overbroad discovery requests." *Gonzalez v. Diamond Res. Int'l Mrktg., Inc.*, 2021 WL
27 8016005, at *2 (D. Nev. July 14, 2021) (quoting *Roberts*, 312 F.R.D. at 602).  "Rule 26 vests the
28

1 [district court] with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523

2 U.S. 574, 598 (1998).

3       B.      ANALYSIS

4         The parties are before the Court on a dispute as to whether TAF must provide the name

5 and address of every employee, agent, or volunteer who worked for TAF from April 1, 2019, to

6 June 30, 2019. Plaintiff argues that such information is relevant and discoverable. *See, e.g.*,

7 Docket No. 6-8. TAF responds that the interrogatory is grossly overbroad in that it seeks to

8 identify *every* employee, agent, or volunteer, regardless of their position, duties, involvement in

9 the matters at issue in the case, or other quality that would lead one to believe that they would

10 possess relevant information. *See, e.g.*, Docket No. 259 at 2.[3] TAF has the better argument.

11         The Court begins with Plaintiff's argument that TAF's objections to this interrogatory were

12 waived due to their untimely service. Docket No. 248 at 5-6. TAF provided its discovery

13 responses approximately one month late after prodding from Plaintiff's counsel. *See id.* at 2-3.

14 While the Court does not condone this failure,[4] it will not deem the overbreadth objection waived

15 in the circumstances of this case. Courts may find untimely objections waived, *Richmark Corp.*

16 *v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992), but they are not required in

17 all instances to do so, *see* Fed. R. Civ. P. 33(b)(4). "[C]ourts have a duty to pare down overbroad

18 discovery requests," *Gonzalez v. Diamond Res. Int'l Mrktg., Inc.*, 2021 WL 8016005, at *2 (D.

19 Nev. July 14, 2021) (quoting *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 602 (D. Nev.

20 2016)), and they retain the discretion to do so even without a motion, *see* Fed. R. Civ. P.

21 26(b)(2)(C) (a court may limit, "[o]n motion or on its own," discovery seeking information beyond

22

23

24 ────────────

25      [3] In light of the ruling herein, the Court need not address the other arguments raised.

26      [4] While the Court does not condone the failure to timely respond, the Court notes that the shortcoming was the result of inadvertence and the circumstances do not otherwise warrant a finding of waiver. *See Barlow v. Herman*, 2014 WL 60213, at *2-3 (D. Nev. Jan. 6, 2014). At the

27 same time, Defendant has now failed to comply with multiple deadlines, and defense counsel is **admonished** for these shortcomings. The Court expects strict compliance with all deadlines

28 moving forward.

the permissible scope of Rule 26(b)(1)).[5]  Hence, courts have found it proper to entertain untimely objections when a discovery request "is overbroad on its face and exceeds the bounds of fair discovery."  *Stars Ent., LLC v. MGM Domestic Television Dist. LLC*, 2021 WL 2230129, at *7 (C.D. Cal. May 31, 2022); *see also Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007).  "This strikes a balance between the judicial inefficiency of having to address discovery disputes the parties have failed to appropriately address, and the inefficiency of requiring compliance with plainly improper discovery requests."  *Olmos v. Ryan*, 2020 WL 1904631, at *3 (D. Ariz. Apr. 17, 2020).

The subject interrogatory at issue here is plainly overbroad on its face and exceeds the bounds of fair discovery.  The interrogatory seeks the identification of every employee, agent, or volunteer who worked for TAF from April 1, 2019, to June 30, 2019, regardless of their duties or activities in that role.  There appears to be no dispute that those individuals involved in the underlying allegations of this case would have relevant information as to the claims and defenses being presented.  *See* Docket No. 248 at 7; *see also* Docket No. 259 at 3-4.  But that is simply not what the interrogatory seeks; it asks for the names and addresses of *every* employee, volunteer, or agent of TAF, regardless of whether they had anything to do with the events at issue.[6]  While it is clear that the identity of a TAF employee involved in the underlying events would be relevant for discovery purposes, it is equally clear that the identity of a person is not relevant for discovery purposes merely because that person had some affiliation with TAF during the pertinent time frame regardless of how attenuated the person is to the events at issue.  *See, e.g.*, *in re Outlaw Labs., LP Litig.*, 2020 WL 1083403, at *16-17 (S.D. Cal. Mar. 5, 2020); *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 2009 WL 10693517, at *5 (D. Nev. June 25, 2009).  As such, the interrogatory sweeps in irrelevant information and is grossly overbroad.

---

[5] Fulfilling this judicial duty would appear to be particularly significant when the interests of non-parties are implicated in the subject discovery request. *Cf. Forsyth v. City of Buena Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015).

[6] Plaintiff makes much of the fact that the timeframe of the interrogatory is limited. *See, e.g.*, Docket No. 248 at 8.  Having a short timeframe does not cure the overbreadth of seeking the identity of every employee, agent, or volunteer.

Moreover, the Court rejects Plaintiff's contention that this overbroad interrogatory is the only way to determine pertinent witnesses. *See* Docket No. 248 at 7 (asserting that Plaintiff "has no means to obtain their identities without TAF supplying the list he has requested"); *see also* Docket No. 262 at 4 (asserting that the interrogatory "could not be more narrowly tailored and still be relevant"). Such a contention borders the ridiculous. The Court declines to act as Plaintiff's counsel to draft an appropriately tailored interrogatory for him, *cf. Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 13238450, at *4 (D. Nev. Dec. 18, 2015), but it is abundantly clear that means exist to narrow Plaintiff's discovery request to address its overbreadth problem.

Accordingly, the Court finds that the interrogatory is grossly overbroad and that Plaintiff is not entitled to obtain discovery on every employee, volunteer, or agent of TAF during the pertinent period. Nothing herein prevents Plaintiff from propounding new discovery that more narrowly targets relevant information.

**III.    MOTION FOR ATTORNEYS' FEES**

Attorneys' fees sought in relation to a motion to compel are judged by, *inter alia*, whether the movant actually succeeds in that underlying motion. Fed. R. Civ. P. 37(a)(5)(A); *see also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) (noting that Rule 37(a) creates a presumption for the award of attorneys' fees "to the party that prevails on a discovery motion"). As Plaintiff did not prevail on the motion to compel, he is not entitled to fees under that rule.

Plaintiff's motion for fees invokes Rule 37(d)(1)(A)(ii), which provides that a court may award fees when a party fails to serve an answer, objection, or written response to a discovery request. *See* Docket No. 254 at 9.[7] "This provision cloaks the district court with significant discretion, as the Rule is couched in terms that the court 'may' order sanctions." *Fernandez v.*

---

[7] Particularly when there exists a rule tailored to a particular issue, courts are generally reluctant to stretch other rules as potential bases to impose sanctions. *See Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also* 2 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE, § 11.02[8] (3d ed.) ("it is preferable to use the more specifically tailored provisions in determining whether to impose sanctions" rather than resorting to more general reach of Rule 11). The Court assumes without deciding that Plaintiff may rely on Rule 37(d)(1)(A) in seeking attorneys' fees in relation to his motion to compel because the request fails at any rate.

*Centric*, 2014 WL 2707764, at \*5 (D. Nev. June 13, 2014).  As discussed above, TAF did not timely respond to this discovery, but that failure was inadvertent and a response was eventually provided.  *See* Section II.B.  Moreover and significantly, the interrogatory is grossly overbroad and improper, and Plaintiff has not been prejudiced by the late response.  In light of the circumstances of this case, the Court declines to award fees under Rule 37(d)(1)(A)(ii).

## IV.     CONCLUSION

For the reasons discussed more fully above, the motion to compel and the motion for attorneys' fees are both **DENIED**.

IT IS SO ORDERED.

Dated: August 24, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

6