# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Brian Borenstein,

        Plaintiff

    v.

The Animal Foundation, et al.,

        Defendants

Case No. 2:19-cv-00985-CDS-NJK

**Order Denying Plaintiff's Appeal from the Report & Recommendation, Denying Plaintiff's Motion for Leave to File Additional Documents**

[ECF Nos. 270, 272]

Plaintiff Brian Borenstein appeals from the Honorable United States Magistrate Judge Nancy J. Koppe's order denying his motion to compel disclosure of the identity of the adopters of Borenstein's dog, Mana. *See generally* Pl's Mot., ECF No. 270; Order, ECF No. 268. In sum, Borenstein argues that preventing accessing to this information denies him the remedy of replevin, ECF No. 270 at 2, and impermissibly limits discovery he claims is necessary to prove several pending causes of action. *Id.* at 10-11. Defendants oppose the appeal. *See generally* ECF No. 271. Borenstein also requests leave to file additional documents in reply to defendants' opposition. *See generally* ECF No. 272. Having considered the moving papers, I determined that the motions can be resolved without oral argument. Fed. R. Civ. P. 78; LR 78-1.

For the reasons set forth herein, I deny plaintiff's appeal as well as plaintiff's request to file additional pages in reply and affirm Magistrate Judge Koppe's order in its entirety.

## I.   Legal Framework

The Federal Magistrates Act, which governs the jurisdiction and authority of federal magistrates. 28 U.S.C. §§ 631-39. The Act states that a magistrate judge may "hear and determine any pretrial matter pending before the court except" motions for injunctive relief, dispositive motions, or motions to suppress evidence in criminal cases. 28 U.S.C. § 636(b)(1)(A).

1   A district court judge may only reconsider a pretrial matter decided by a magistrate
2   judge under 28 U.S.C. § 636(b)(1)(A) "where it has been shown that the [ ] order is clearly
3   erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a). "A finding is clearly
4   erroneous if [the court is] 'left with the definite and firm conviction that a mistake has been
5   committed.'" *Ruiz v. Affinity Logistics Corp.*, 754 F.3d 1093, 1100 (9th Cir. 2014) (quoting *Easley v.*
6   *Cromartie*, 532 U.S. 234, 242 (2001)). "An order is contrary to law when it fails to apply or
7   misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United*
8   *Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). The Court "may not simply
9   substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951
10   F.2d 236, 241 (9th Cir. 1991).

11   **II.     Plaintiff's Motion for Leave to File Additional Documents**

12   Plaintiff seeks leave of court to file additional a reply brief to defendants' response to
13   plaintiff's appeal from Magistrate Judge Koppe's R&R. *See generally* ECF No. 272. The Local
14   Rules of this District govern the briefing schedule for challenges to magistrate judges' orders. *See*
15   LR IB 3-1 ("Replies will be allowed only with leave of the court.").

16   In the proposed filing, plaintiff seeks to introduce "public information [which] has come
17   to light [that] demonstrates why [The Animal Foundation] should not be given the benefit of
18   any public policy consideration." ECF No. 272 at 2. Specifically, plaintiff moves to file two
19   documents, both Las Vegas Review-Journal news reports, into the record. *Id.* at 3. The first
20   details a Las Vegas councilwoman's visit to The Animal Foundation shelter while the second
21   describes staff walkouts at The Animal Foundation. *Id.* Defendants respond that plaintiff's
22   proposed reply brief adds new information which (1) is irrelevant to the underlying litigation
23   and (2) violates this district's policy of looking with disfavor on reply briefs that introduce new
24   evidence. ECF No. 273 at 1-2.

25   While I "need not consider arguments raised for the first time in a reply brief[,]" *Zamani v.*
26   *Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), I agree that the proposed excess pages for plaintiff's

reply, concerning reports regarding general practices at The Animal Foundation, are wholly irrelevant to the factual circumstances or legal standards properly pertaining to my review of Magistrate Judge Koppe's order. Plaintiff's motion fails to explain why I should grant leave to permit these documents into the record. I thus deny the motion for leave to file an additional document.

However, plaintiff requests that I "take note that [The Animal Foundation] has . . . untimely fil[ed] its response [ECF No. 271]" to plaintiff's motion. ECF No. 272 at 2. Plaintiff is correct. Plaintiff's objection was filed on September 7, 2021. ECF No. 272. The response was due on September 21, 2022. *See* LR IB 3-1 ("The deadline to file and serve any responses to the objections is 14 days after service of the objection."). The response was admittedly filed at 12:01 am on September 22, 2022. ECF No. 273 at 2. Even though counsel for The Animal Foundation "does not believe his filing was untimely submitted," the clock, not belief, is what determines adherence to this District's local rules. I caution counsel to adhere to deadlines in the future, as plaintiff aptly points out that the defendants have now missed multiple deadlines. Nonetheless, one minute of delay does not cause great prejudice to the plaintiff and I can excuse this instance of tardiness.

### III.   Plaintiff's Appeal from the Report & Recommendation

As a threshold matter, Plaintiff fails to cite to any authority demonstrating that Magistrate Judge Koppe's order is either contrary to law or clearly erroneous (i.e., the standard for non-dispositive motions) but rather argues that I should review Magistrate Judge Koppe's order under the more deferential *de novo* standard (applied to rulings on dispositive motions). Plaintiff thus contends that Magistrate Judge Koppe exceeded her authority and realleges some of the arguments made in his motion to compel. Defendants respond that I should review the magistrate judge's order under the less stringent standard of determining whether the order was clearly erroneous or contrary to law.

Magistrate Judge Koppe issued an order denying Plaintiff's motion to compel defendants to disclose the identity of Mana's adopters. However, plaintiff fails to demonstrate how the order denying his motion to compel is a dispositive motion. Plaintiff asserts that "the order is tantamount to granting summary adjudication, without any discovery, by dispositively precluding Plaintiff from obtaining [the remedy of replevin] and denying Plaintiff the ability to name the fictitious parties properly." ECF No. 270 at 11.

Plaintiff's arguments fail because he does not support his proposition that an order denying a motion to compel is similar to an order granting summary judgment under the scope of the authority of magistrate judges. There are two avenues by which a magistrate's order might be considered dispositive: those orders mentioned explicitly by 28 U.S.C. § 636(b)(1)(A), and those orders whose effect disposes of a claim or defense of a party. *See Flam v. Flam*, 788 F.3d 1043, 1045-46 (9th Cir. 2015) (stating that "[t]he matters listed in 28 U.S.C. § 636(b)(1)(A) are dispositive while, *in general*, other matters are non-dispositive" but noting that "[t]o determine whether a motion is dispositive," courts should "look[] to the effect of the motion" (citing *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004))).

28 U.S.C. § 636(b)(1)(A) lists motions for summary judgment among the dispositive motions but does not mention motions to compel. An order on a motion to compel is not per se dispositive and plaintiff's attempt to make it so are unconvincing. I now turn to the effect of the order.

Magistrate Judge Koppe's order prevents plaintiff from compelling the identity Mana's adopters (assuming the identity is actually known by defendants). Plaintiff does not explain how that function disposes of his specific claims by way of reference to the elements of the claims or how the denial of his discovery request necessitates the impossibility of proving those claims. For example, plaintiff asserts that "[w]ithout knowing the details of Mana's disposal, [plaintiff] cannot present evidence that will allow him to prove intentional conduct or deliberate indifference; nor can he obtain the injunctive relief for the return of [Mana]." ECF No.

4

270 at 10. Such a conclusory allegation does not suffice to demonstrate that plaintiff has no chance of succeeding under specific causes of action. Plaintiff needs to demonstrate that Magistrate Judge Koppe's order prevents *any chance* of success for her order to be tantamount to summary judgment in defendant's favor.

Thus, the magistrate judge was well within her authority to resolve the case by way of an order. Plaintiff's arguments fail because, despite repetitive insistence to the contrary[1], the disclosure of the identity Mana's adopter(s) does not deny plaintiff the ability to receive the relief he requests. While I could overrule the objection for failing to cite to points and authorities[2] demonstrating the order was clearly erroneous or contrary to the law, I nonetheless conducted a *de novo* review and address the reasons for overruling the objection herein.

## A.  Plaintiff is not entitled to injunctive relief

Plaintiff argues that he is entitled to an order of possession upon his replevin claim, asserting that replevin is a form of injunctive relief. *See generally* ECF No. 270 at 10. It is unclear why plaintiff is asserting that this is a form of injunctive relief. The Federal Rules of Civil Procedure specifically provide that "every remedy . . . under the law of the state where the court is located" is available throughout an action. Fed. R. Civ. P. 64(a). Subsection (b) of the same rule specifically identifies replevin as an available *remedy*. Fed. R. Civ. P. 64(b) (emphasis added). The replevin statute in Nevada provides that "the plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons, or at any time before answer, claim the delivery of such property to him as provided in this chapter." NRS 31.840. Thus, as

---

[1]  *See* ECF No. 271 at 2 n.1 (collecting repeat decisions denying the disclosure of who adopted Mana). Plaintiff claims that the language in Magistrate Judge Koppe's order – expressing concern that plaintiff's counsel was veering to the realm of improper lawyering – was "unwarranted." ECF No. 270 at 14 n.8. I disagree. The inclusion of that footnote in plaintiff's objection, together with counsel's repetitious arguments on a subject that has already been decided during litigation, indicates that Magistrate Judge Koppe's admonition was warranted.

[2]  The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. LR 7-2(d).

relevant to this case, Borenstein **must** demonstrate (1) that he is the owner of the property claimed, or is lawfully entitled to the possession thereof; (2) that the property is wrongfully detained by the defendants; (3) the alleged cause of the detention thereof according to best knowledge, information and belief; (4) that the same has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff, or, if so seized, that it is by statute exempt from such seizure; and (5) the actual value of the property. The very first prong that must be met to exercise replevin is ownership, which is still at issue in this matter, and therefore not met. The second prong that must be met to exercise replevin is that the property is wrongfully detained by the defendants, although in this case, neither party contests that defendants do not remain in possession of Mana. Consequently, the second prong is also not met. Without meeting the first two prongs, plaintiff fails to meet his burden.

Further, the objection fails to address *why* the identity of Mana's adopters would prevent him from exercising the remedy of replevin. If plaintiff is successful in this action, then remedies – replevin or otherwise – come into play. Thus, why plaintiff needs disclosure of the name(s) of Mana's adopters *at this time* is lacking.

To the extent plaintiff is attempting to relitigate his already denied requests for injunctive relief (ECF Nos. 19, 77), this is procedurally improper. Objections to the order on the motion to the compel are not avenues to request reconsideration.

Accordingly, plaintiff's objection that denying access to the identity of Mana's adopter(s) denies him the relief he is seeks is overruled.

**B. The identity of who adopted Mana is irrelevant to establishing the elements of the causes of action identified in the objection**

The remainder of plaintiff's objection are summary assertions that denying him access to the identity of Mana's adopter(s) limits his ability to present evidence at trial. Specifically, plaintiff argues that without this information, he cannot present evidence that will

allow him to prove intentional conduct, deliberate indifference, and/or mere negligence related to the second, third, seventh, twelfth, thirteenth, fourteenth, and fifteenth causes of action[3] without the ability to discover the circumstances regarding the disposition of Mana. ECF No. 270 at 10-11. Like the argument regarding preventing the remedy of replevin, plaintiff's objection fails to address *why* the identity of Mana's adopters would deny him ability to prove said conduct. Moreover, the objection fails to address how the names of the adopter(s) would be relevant to those causes of action.

For example, the second and third causes of action in the second amended complaint (SAC) allege equal protection and due process violations against The Animal Foundation (TAF) and Clark County's animal control division (CCAC). ECF No. 189 at 34-39. A review of the allegations reveal they are tethered to TAF and CCAC's deprivation of Borenstein of owning Mana. *Id*. Paragraph 218 states *defendants* – not Mana's owners – should be enjoined from continued discriminatory conduct. Similarly, paragraph 233 states that the *defendants* – not Mana's owners – should be enjoined from any contemplated action whereby an animal is taken from a hospitalized individual for subsequent adoption to a third party without a meaningful remedy before the adoption occurs and to advise injured persons of any available post-seizure and adoption remedies. The identity of Mana's adopter(s) would have nothing to do with TAF and CCAC's actions regarding taking the animal, nor what if any remedies Borenstein could have or should have been informed about. Thus, the identity of Mana's owner(s) is not necessary to proving deprivation as part of those allegations set forth in the SAC.

The seventh cause of action is asserted against CCAC and alleges that CCAC, by way of its officers, employees, supervisors and others, violated the Americans With Disabilities Act

---

[3] The causes of action in the second amended complaint are misnumbered. The thirteenth cause of action is set forth starting on page 61. The next cause of action, starting on page 64, which would be the 14th is misnumbered. In writing this order, the Court considers the 14th cause of action as the one on page 64, the 15th cause of action as the set forth starting on page 66, the 16th cause of action as the one set forth starting on page 67, so on and so forth.

(ADA) by discriminating against Borenstein on the basis of his disabilities. *See generally id.* at 44-47. As remedy to the allegations, plaintiff seeks (1) a declaration that CCAC violated his rights under the ADA and Rehabilitation Act and that he is the rightful owner of Mana, and (2) a permanent injunction requiring CCAC to comply with the ADA and Rehabilitation Act in the future by ensuring that, if an adoption is completed in violation of the ADA, the adoptive party is notified of the error, and the contracted shelter makes reasonable efforts to reclaim the animal; and by taking effective efforts to ensure that Mana is returned to Borenstein. *Id.* at 46. Plaintiff fails to demonstrate how Mana's adopters would have played a role in alleged discriminatory acts by CCAC. If Borenstein is successful in this action, the relief requested still does not require disclosure of Mana's owners *at this time.* In fact, even if Borenstein is entitled to the relief he is requested, the remedy he requests could be carried out by TAF and/or CCAC without those defendants ever disclosing the name the adopters.

The twelfth cause of action, negligence, is alleged against Sunrise Hospital, CCAC, TAF, and Chief Operation Officer Scholten. ECF No. 189 at 54-60. The negligence claims against those defendants are related to the actions from the time Borenstein was initially hospitalized until he was denied the opportunity to reclaim Mana. This cause of action is unrelated to who adopted Mana, as it occurred before the adoption ever happened.

The thirteenth cause of action sets forth allegations of negligent training, supervision, and retention against defendants Sunrise Hospital and TAF. *Id.* at 61-63. Again, this cause of action is wholly unrelated to the identity of who adopted Mana.

The fourteenth cause of action – Neglect or Abuse of a Vulnerable Person – is alleged against Sunrise Hospital, CCAC, TAF, and Chief Operation Officer Scholten. *Id.* at 64-66. The SAC sets forth the specific allegations lodged against the aforementioned defendants, but those allegations are unrelated to the identity of Mana's adopters.

The remainder of Borenstein's causes of action are likewise unrelated to the identity of Mana's adopters, thus rendering that information irrelevant at this time. His prayers for relief are likewise unrelated to pre-trial disclosure of the identity of Mana's adopters. *See id.* at 73-76.

**IV.    Conclusion**

Plaintiff has not identified how the Magistrate Judge's order was clearly erroneous or contrary to the law. Accordingly, IT IS HEREBY ORDERED that plaintiff's objection to the magistrate judge's order denying plaintiff's motion to compel (ECF No. 270) is OVERRULED.

IT IS FURTHER ORDERED that Magistrate Judge Koppe's order denying plaintiff's motion to compel (ECF No. 268) is AFFIRMED in its entirety.

IT IS FURTHER ORDERED that plaintiff shall not seek disclosure of the identity of Mana's adopter(s) without leave of court. Any motion seeking that information must meet the standard for either a motion for reconsideration and/or setting forth a change in circumstance warranting pre-trial disclosure of that information.

IT IS SO ORDERED.

DATED:  October 20, 2022

_____
Cristina D. Silva
United States District Judge