UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRIAN BORENSTEIN,

    Plaintiff,

v.

THE ANIMAL FOUNDATION, et al.,

    Defendants.

Case No. 2:19-cv-00985-CDS-NJK

**Order**

(Docket Nos. 275, 276)

Pending before the Court are the parties' third stipulation to extend discovery deadlines and stipulation to stay discovery. Docket Nos. 275, 276. The stipulations are properly resolved without a hearing. *See* Local Rule 78-1.

The current discovery deadline is March 13, 2023. Docket No. 244. The parties, therefore, have already completed 609 days of discovery and have another 103 days left until the discovery period expires, for a total of 712 days of discovery, or nearly four times the presumptively reasonable discovery period. The parties now ask to stay discovery for a period of just over two months and to then extend the discovery deadline by five months, until July 3, 2023. Docket No. 275 at 7. The parties, therefore, ask the Court to add another 90 days of discovery, for a total of 802 days.

The parties submit, in both stipulations, that they are awaiting a ruling on motions to dismiss. The parties further submit that they will want to complete depositions and conduct more written discovery. The parties also submit that they are engaged in negotiations. Finally, the parties submit that Plaintiff is currently in the hospital and has been since December 2021. Docket No. 275 at 5-6.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."

*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  Discovery should proceed absent a "strong showing" to the contrary.  *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  The case law in this District makes clear that requests to stay discovery may be granted when:  (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail.  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases.  *Tradebay*, 278 F.R.D. at 602.

   Here, the parties make no attempt to address the standards for a stay of discovery.  Therefore, the stipulation to stay discovery is **DENIED**.  Docket No. 276.

   Further, the parties fail to comply with the requirements of LR 26-3 in requesting an extension of discovery deadlines.  In any event, the stipulation to extend discovery deadlines is premature, as discovery does not close for another 103 days.  That stipulation is, therefore, **DENIED** without prejudice.  Docket No. 275.  Any renewed request to extend deadlines must comply in full with the Local Rules and must demonstrate diligence throughout the discovery period.

   IT IS SO ORDERED.

   Dated: November 30, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE