UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brian Borenstein,

    Plaintiff

v.

The Animal Foundation et al.,

    Defendants

Case No. 2:19-cv-00985-CDS-NJK

**Order Denying Plaintiff's Motion for Leave to File Third-Amended Complaint; Denying as Moot Motions to Extend Time**

[ECF Nos. 302, 310, 311]

    Plaintiff Brian Borenstein moves for leave to file a third-amended complaint (TAC) against defendants The Animal Foundation (TAF), Clark County, Carly Scholten, and Victor Zavala. Although some of Borenstein's claims survived the defendants' second motion to dismiss, he seeks to replead several claims and theories that I have previously rejected. In doing so, he significantly expands those claims, turning a 77-page second-amended complaint (SAC) into an 81-page (plus 92 pages of exhibits) proposed TAC. Because Borenstein's proposed complaint seeks to reinstate claims that I have already dismissed with prejudice—and because his motion does not address the appropriate legal standards for reconsideration of my prior order—I deny his motion for leave to amend. And I also clarify my prior order with respect to the state-law claims that Borenstein brought against TAF and Scholten. Finally, I deny the defendants' renewed request for sanctions, but I warn Borenstein's counsel about the deficiencies of the proposed TAC, particularly the decision to relitigate claims that have already been adjudicated.

I.    **Motion for leave to amend**

    Put simply, Borenstein may not amend his complaint as a method to escape dismissal with prejudice of his previous claims. But that is exactly what he attempts in this motion. For example, the first cause of action in the proposed TAC is a §1983 claim against The Animal Foundation and Clark County for alleged violations of Borenstein's right to substantive due

process. ECF No. 311-1 at 35. But I dismissed Borenstein's previous substantive-due-process claim against The Animal Foundation with prejudice, in my order granting the defendants' motion to dismiss Borenstein's SAC. ECF No. 289 at 20 ("There are no facts that Borenstein can allege which would remedy the nature of [the] flaw in his argument, and I thus dismiss with prejudice Borenstein's substantive-due-process claim against TAF."). The second cause of action in the proposed TAC is a §1983 claim against the same two defendants for alleged violations of Borenstein's right to Equal Protection under the Fourteenth Amendment. ECF No. 311-1 at 41. But, again, I dismissed Borenstein's previous equal-protection claim against The Animal Foundation with prejudice. ECF No. 289 at 21. Borenstein's TAC also attempts to bring a negligence claim against TAF and Scholten (twelfth cause of action) and an unlawful-conversion claim against TAF and Scholten (fourteenth cause of action), despite both of those claims having been dismissed with prejudice in my prior order as well. ECF No. 289 at 25, 26.

    I note that, while Borenstein acknowledges that these claims were dismissed with prejudice, ECF No. 311 at 2–3, he provides no authority for the assumption that he may refile a claim that has been dismissed with prejudice—nor am I aware of any. Indeed, Black's Law Dictionary defines "dismissal with prejudice" as "[a] dismissal . . . barring the plaintiff from prosecuting any later lawsuit on the same claim." Dismissal, Black's Law Dictionary (11th ed. 2019). It is widely understood that claims dismissed with prejudice "remain dismissed with prejudice." *Galyean v. NW Tr. Servs. Inc.*, 2014 WL 3360241, at *3 (W.D. Wash. July 9, 2014). As such, Borenstein cannot and may not pursue them further in this litigation.[1]

---

[1] Borenstein also argues that "it is persuasive that his claim[s] already survived dismissal" based on this court's order ruling on the motion to dismiss the First-Amended Complaint (FAC). ECF No. 311 at 7. But as I discussed in my order on the motion to dismiss the SAC, "the court can consider only what is in the operative complaint when resolving Rule 12(b)(6) motions." ECF No. 289 at 7 n.6 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The SAC superseded the FAC such that the FAC is rendered inoperative. The law is clear on this issue. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect[.]"). I therefore decline to consider any argument pertaining to the FAC or the order to dismiss the claims brought in the FAC.

2

II. Motion for clarification

Borenstein requests clarification about his claims for state-law disability discrimination (eleventh cause of action), negligence (twelfth cause of action), and intentional infliction of emotional distress (IIED) (fifteenth cause of action). ECF No. 311 at 3. He argues that I did not address these claims in the body of the order, nor did I summarily dismiss them. *Id.*

To clarify, I did dismiss with prejudice Borenstein's negligence claim against TAF and Scholten. ECF No. 289 at 26. But I inadvertently failed to explicitly address his state-law disability discrimination and IIED claims against TAF. Because Nevada law requires courts to analyze state-law disability discrimination claims under the same framework as federal substantive law, *Littlefield v. Nevada, ex. rel. Dep't of Pub. Safety*, 195 F. Supp. 3d 1147, 1152 (D. Nev. 2016), I consider Borenstein's state-law discrimination claim under the same framework as his federal ADA claim. I previously denied TAF's motion to dismiss Borenstein's federal disability discrimination claim, ECF No. 289 at 24, and I adopt the same reasoning here. His state-law disability discrimination claim may proceed against TAF only.

In my prior order resolving the defendants' motions to dismiss, I intended to dismiss with prejudice Borenstein's IIED claim against TAF. For clarity, I do so here. In his SAC, Borenstein fails to allege that either TAF or Scholten's conduct was extreme and outrageous with reckless disregard or intent to cause emotional distress. *See Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (describing elements of an IIED claim in Nevada). He does not sufficiently plead that the defendants' conduct occurred "outside all possible bounds of decency" or that it should be regarded as "utterly intolerable in a civilized community." *Id.* Rather, the allegations in the SAC demonstrate that TAF acted in accordance with the animal ordinances, that TAF attempted to return Borenstein's dog Mana to him despite his health issues, and that TAF—after the legal deadline for Borenstein to pick up Mana had passed—worked to re-home the dog. Borenstein has had multiple opportunities to amend his complaint to allege any true

facts probative of indecency or outrageous conduct but has failed to do so. I thus dismiss his IIED claim against TAF without prejudice.

### III. Defendants' motion for sanctions

Finally, TAF requests—for the second time (*see* ECF No. 165 at 3)—that I sanction Borenstein and/or his counsel for their actions in this case. ECF No. 318 at 8 n.5. It contends that Borenstein has litigated this case abusively and with impunity, with the result of "purposefully and knowingly wast[ing] judicial and litigant resources." *Id.* The defendants' frustration is not misplaced. But I decline to sanction Borenstein or his counsel at this time because I find that my prior order was, in fact, in need of clarification as to some of the state-law claims.

I do, however, caution Borenstein's counsel again[2] that the Federal Rules of Civil Procedure require complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). They also require "each allegation" to "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has interpreted this requirement to mean that a complaint must provide "the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And a plethora of Ninth Circuit cases demonstrate that excessive page length, verbosity, or ambiguity can deny the defendant fair notice of the grounds upon which the claim rests. *See, e.g., Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (not "short and plain" when plaintiff submits 733-page amended pleading); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908–09 (9th Cir. 2011) (not "short and plain" when plaintiff fails to plead sufficient facts in complaint, instead relying upon exhibits for such particularity); *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (not "short and plain" when plaintiff's complaint was "argumentative . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity," "replete with redundancy, and largely irrelevant," and consisting of "largely immaterial background

---

[2] I also cautioned Borenstein about this concern in my dismissal order. ECF No. 289 at 9 n.7. I also placed my concerns regarding the pleadings on the record during the May 4, 2023, hearing on Borenstein's motion to extend time to file the TAC. ECF No. 305.

information"); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) (not "short and plain" when plaintiff's complaint was "unwieldy in the extreme . . . 113 pages long, and often ramble[d]"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (not "short and plain" when plaintiff's complaint (including attachments) exceeded "70 pages in length, were confusing and conclusory"). Borenstein's attempt to replead a number of claims that have been dismissed with prejudice emphasizes the "shotgun" nature of his pleadings thus far.

A "shotgun pleading" is a "pleading that excessively prioritizes *breadth* over *depth*, such that the complaint is 'so vague and ambitious that [the defendants] [could] not reasonably be required to frame a responsive pleading.'" *In re Mortgages Ltd.*, 2013 WL 1336830, at *12 (D. Ariz. Mar. 29, 2013) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128–32 (11th Cir. 2001)). Such a pleading can take two forms: first, when one party "pleads multiple parties did an act, without identifying which party did what specifically." *Id.* (citing *Destfino v. Reiswig*, 630 F.3d 952, 958–59 (9th Cir. 2011)). Second, it can happen when one party "pleads multiple counts[] and does not identify which specific facts fit that [c]ount *in that very [c]ount*, but instead rely on a blanket incorporation clause that incorporates *all* of the statement of facts." *Id.* (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006)). Such pleadings are disfavored because they "inexorably broaden[] the scope of discovery, much of which may be unnecessary" and "[u]nless the court has intervened and required the attorneys to replead the case, unless the court has definitively identified the parties' claims and defenses and has squeezed the case down to its bare essentials, defense counsel will be unable to give [its] client an accurate answer." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–84 (11th Cir. 2008). In short, shotgun pleadings, "if tolerated by the court, lessen the time and resources the court has available to reach and dispose of the cases and litigants waiting to be heard." *In re Mortgages Ltd.*, 2013 WL 1336830, at *13.

Based on Rule 8 and the persuasive weight of authority interpreting what it means for a complaint to be "short and plain," I refuse to further permit the broad shotgun pleading techniques that Borenstein has utilized thus far and caution his counsel that further pleading of

5

this sort will lead to sanctions. The TAC represents both (1) an attempt to run around my prior order dismissing some of Borenstein's claims with prejudice and (2) an overbroad attempt to confuse which facts apply to which counts and plead underdeveloped theories of liability against each and every defendant. Its length relative to the remaining claims[3] is simply unnecessary and plaintiff's counsel is advised that, as the Federal Rules countenance, a "short and plain" statement of the relief that her client seeks under a smaller number of viable claims would go much further than continuing to attempt to plead every potential basis for liability, even where the facts do not support them.

## IV. Conclusion

For the foregoing reasons, IT IS THEREFORE ORDERED that Borenstein's motion for leave to file a third-amended complaint as proposed in exhibit 1 **[ECF No. 311] is DENIED**. If Borenstein chooses to file an amended complaint that complies with the instructions in this order, he must do so by July 5, 2023, and title it "Third-Amended Complaint." The court will set further briefing deadlines once it screens the newly proposed complaint. If Borenstein fails to file a third-amended complaint by that date, the second-amended complaint will be operative and only the claims as described in footnote 3 may proceed in the normal course.

IT IS FURTHER ORDERED that Borenstein's state-law claim for disability discrimination under NRS § 651.070 is reinstated and permitted to proceed against TAF.

IT IS FURTHER ORDERED that Borenstein's claim for intentional infliction of emotional distress is dismissed with prejudice.

---

[3] In sum, the only remaining claims are: (1) unlawful discrimination, harassment, and retaliation based on Borenstein's disability (against Clark County); (2) unreasonable seizure under §1983 (against TAF); (3) ADA and Rehabilitation Act violations (against TAF); (4) disability discrimination under NRS § 651.070 (against TAF); (5) ADA retaliation (against TAF); and (6) negligent supervision, training, and retention (against TAF). Borenstein cannot and may not proceed on any other claims against any other defendants.

IT IS FURTHER ORDERED that Borenstein's two motions to extend time to file a third-amended complaint **[ECF Nos. 302, 310] are DENIED as moot**.

DATED: June 20, 2023

_____
Cristina D. Silva
United States District Judge