UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BORENSTEIN,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ANIMAL FOUNDATION, et al.,<br><br>    Defendant. | Case No. 2:19-cv-00985-CDS-NJK<br><br>**Order**<br><br>[Docket No. 340] |

Pending before the Court is Plaintiff's motion to reopen the Rule 30(b)(6) deposition of Clark County and to overrule The Animal Foundation's objection to the deposition. Docket No. 340. Defendant Clark County filed a response in opposition. Docket No. 346. The Animal Foundation did not file a response. Plaintiff filed a reply. Docket No. 349. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motion is **GRANTED** in part and **DENIED** without prejudice in part.

**I.  BACKGROUND**

As the parties are familiar with the docket, the Court will provide a background specific to the issues at hand. On August 7, 2023, Plaintiff took the Rule 30(b)(6) deposition of Defendant Clark County. Toward the end of the seven hours allotted for that deposition, Defendant The Animal Foundation sought time for cross examination, but the deposition concluded at the seven hour mark without that cross examination. *See* Docket No. 340 at 2-3. The Animal Foundation then objected to the admissibility of the deposition. *Id.* The instant motion seeking relief regarding those circumstances followed.

**II.  STANDARDS**

Depositions are limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the

examination." *Id.* A showing of good cause is required to obtain an order for further deposition time. *Mielke v. Standard Metals Processing, Inc.*, 2015 WL 2152664, at *4 (D. Nev. May 7, 2015) (collecting cases).

## III. ANALYSIS

Plaintiff's motion has two components, a request to reopen Clark County's deposition for further questioning from Plaintiff's counsel and to reopen Clark County's deposition for potential cross-examination by Defendant The Animal Foundation. The Court will begin with the latter.

### A. Reopening Deposition for Cross-Examination

At the end of the subject deposition, counsel for The Animal Foundation indicated that he had not been provided sufficient opportunity to cross examine the deponent and objected to the future admission of the deposition on that ground. *See* Docket No. 340 at 3. Plaintiff now seeks an order allowing additional deposition time so that The Animal Foundation may engage in that cross-examination or, alternatively, to overrule The Animal Foundation's objection to the admissibility of the deposition. *See id.* at 8-10.

The Animal Foundation did not respond to the motion and has not requested that the deposition be reopened for cross-examination purposes. Indeed, it appears The Animal Foundation expressly declined to seek such relief. *See id.* at 3; *see also* Docket No. 340-1 at 6. As such, the Court will grant as unopposed Plaintiff's request that The Animal Foundation's objection to the deposition be overruled. *See* Local Rule 7-2(d). The Animal Foundation cannot argue against the admissibility of this deposition on that basis in the future.

### B. Reopening Deposition for Plaintiff's Continued Questioning

Plaintiff also requests that Clark County's deposition be reopened for his own attorney's further questioning. The central gist of Plaintiff's position is that opposing counsel engaged in obstructive behavior at the deposition, Docket No. 340 at 7,[1] a contention that Clark County denies, Docket No. 346 at 3-5. The deposition transcript at issue, however, was not provided until Plaintiff filed his reply brief. *See* Docket No. 349-2. Hence, the bulk of argument on this issue was

---

[1] Plaintiff argues other points, too, but the crux of the dispute is whether the deposition was delayed by improper objecting.

2

developed without the aid of the transcript. Moreover, considering that transcript for the first time on reply is unwarranted. *Cf. Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021). Making matters worse, the factual representations in the papers are not supported by declaration. *But see Comstock v. Humphries*, 786 F.3d 701, 709 (9th Cir. 2015) ("arguments in briefs are not evidence"). The Court declines to rule on this request given these circumstances. If Plaintiff truly requires additional deposition testimony from Clark County, he must promptly file a motion that is properly supported by an evidentiary showing and addresses the events as memorialized in the transcript.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff's motion is **GRANTED** in part and **DENIED** without prejudice in part.

IT IS SO ORDERED.

Dated: September 6, 2023

_____
Nancy J. Koppe
United States Magistrate Judge