UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BORENSTEIN,<br><br>       Plaintiff,<br><br>v.<br><br>THE ANIMAL FOUNDATION, et al.,<br><br>       Defendant. | Case No. 2:19-cv-00985-CDS-NJK<br><br>**ORDER**<br><br>[Docket No. 367] |

Pending before the Court is Plaintiff's motion to calculate expenses. Docket No. 367. Defendant The Animal Foundation filed a response in opposition. Docket No. 377. Plaintiff filed a reply. Docket No. 386. A hearing on the motion is not necessary. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to calculate expenses is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

On July 24, 2023, The Animal Foundation failed to appear for its Rule 30(b)(6) deposition. *See* Docket No. 338-7. On September 6, 2023, the Court granted Plaintiff's motion for sanctions, awarding the expenses (including fees) caused by the failure to appear for the deposition. Docket No. 360. The parties did not agree on an amount of expenses, so Plaintiff filed the pending motion calculating expenses. Docket No. 367. Plaintiff seeks to recover $40,653.15 in expenses. *See* Docket No. 386 at 10.

**III.    REQUEST FOR FEES**

The amount of fees to award under Rule 37 of the Federal Rules of Civil Procedure is determined using the familiar lodestar approach. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 587 (D. Nev. 2013). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended" by "a reasonable hourly rate." *Hensley v. Eckerhart*,

1

461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1] The Court has "great latitude" in awarding expenses under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

A. <u>REASONABLE HOURS</u>

The Court "has a great deal of discretion in determining the reasonableness of the fee," including "the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates*, 987 F.2d at 1398). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433.

An award of fees in relation to a nonappearance at a deposition is limited to the expenditure of time "caused by the failure" to appear. Fed. R. Civ. P. 37(d)(3). The fees logically encompass the time of counsel appearing at the doomed deposition and seeking sanctions. *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL 4974049, at *11 (C.D. Cal. Aug. 19, 2021).[2]

Plaintiff seeks to recover for 2.7 hours for Attorney Palmer for travel time and to appear at the subject deposition, along with 2.3 hours for Attorney Melcic. *See* Docket No. 367 at 6, 9.

---

[1] Adjustments to the lodestar are warranted in "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

[2] The Court declines to address every argument raised in the briefing. *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992) (courts need not address every issue in dispute in calculating fees). Any argument not addressed has been rejected to the extent it is inconsistent with the outcome of this order. The Court will address, however, two categories of time. First, Plaintiff seeks to recover for time preparing for the re-noticed deposition. Docket No. 367 at 9, 18; Docket No. 386 at 7-8. The Court ordered The Animal Foundation to promptly appear for deposition after the sanctions order issued. Docket No. 360 at 6. Given that the time preparing for the failed deposition should have still been useful to the later deposition, the Court will not award fees with respect to preparing for the re-noticed deposition. *Cf. Martinez v. Lunes*, 2008 WL 5045954, at *2 (E.D. Cal. Nov. 24, 2008). Second, the billing records include time expended conferring with opposing counsel. *See, e.g.*, Docket No. 367 at 7. Such time is not generally recoverable. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013) (citing *Alutiiq Int'l Sols., LLC v. Lyon*, 2012 WL 4182026, at *4 (D. Nev. Sept. 17, 2012)). Although the briefing is (like always) filled with competing accusations of bad faith, the Court has not been persuaded that conferral time should be recoverable in this case.

Billed time that includes unnecessary duplication of effort should be excluded from the lodestar. *See Herrington v. County of Sonoma,* 883 F.2d 739, 747 (9th Cir.1989).  "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. State v. Reed,* 388 F.3d 1281, 1286 (9th Cir.2004) (internal citations omitted).  Particularly given the attestations as to Attorney Palmer's experience and skill, accounted for in the high hourly rate she seeks, *see* Docket No. 367-1, it is unclear why two attorneys were reasonably required for this deposition and no explanation has been advanced to justify an award of fees for multiple attorneys to attend.  The Court will award fees for the 2.7 hours expended by Attorney Palmer only related to attending the deposition.[3]

Plaintiff seeks to recover for 27.9 hours expended by Attorney Palmer in drafting the motion for sanctions.  Docket No. 367 at 7.[4]  The reasonable amount of time expended on the sanctions motion is determined by "factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *Marrocco*, 291 F.R.D. at 588.  The motion here consisted of roughly 12 pages of text, about three pages of which were block quotations to rules or standards.  Docket No. 338.  The issues involved are straightforward, should not require extensive research, and should not have

---

[3] These 2.7 hours seem on their face excessive for a 24-minute deposition nonappearance. *See* Docket No. 338-7.  For example, Attorney Palmer is claiming 1.8 hours traveling to and from the deposition.  Such travel time seems unlikely given the geography of the Las Vegas valley.  *Cf. United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of Google map).  Nonetheless, the Court will give counsel the benefit of the doubt that traffic or unusual circumstances account for the time claimed.

[4] Plaintiff seeks to recover fees for 3.3 hours of work by Attorney Melcic related to briefing the motion for sanctions.  Docket No. 367 at 10.  No meaningful argument is provided that this time was reasonably expended given Attorney Plamer's own extensive work on the motion practice and her experience.

required extensive analysis of the record.[5]  Given the circumstances, a reasonable amount of time to draft the motion for sanctions was ten hours.

Plaintiff also seeks to recover for 13.1 hours expended by Attorney Palmer in drafting the reply to the motion for sanctions.  Docket No. 367 at 8-9.  The reply brief was 12 pages of text.  Docket No. 345.  The reply includes a factual recitation that largely overlaps with the presentation in the motion.  *Compare* Docket No. 338 at 6-10 *with* Docket No. 345 at 2-3.  At its heart, the reply addresses two prior decisions issued by the undersigned, including extensive block quotations.  *Id.* at 9-11.  Much of the reply was not reasonably necessary, including addressing tangential issues.  *E.g.*, Docket No. 345 at 7.  Once again, the issues involved are straightforward, should not require extensive research, and should not require extensive analysis of the record.  Given the circumstances, a reasonable amount of time to draft the reply was seven hours.

---

[5] Whether expenses should be awarded for a deposition nonappearance is generally a pretty straightforward inquiry.  If anything, ten hours for a motion for expenses under Rule 37(d) is generous in the circumstances of The Animal Foundation's deposition nonappearance.  Nonetheless, Plaintiff asserts that counsel was required to "painstakingly" document opposing counsel's alleged "bad faith."  Docket No. 367 at 16.  To be clear, a showing of bad faith is not required to obtain sanctions under Rule 37(d).  *Hyde v. Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).  The Court is also not persuaded by Plaintiff's argument that lengthy discussion of alleged bad faith was somehow necessitated by the prior admonitions to engage in discovery in a cooperative manner.  *See* Docket No. 367 at 16.  The orders to which Plaintiff alludes are to the contrary.  *See, e.g.*, Docket No. 255 at 2-3 ("Heated rhetoric, finger-pointing, and accusations are not a substitute for actual argument.  As a corollary, the arguments must be focused on the issues in dispute in that motion practice, as opposed to raising ancillary matters of tangential pertinence to the motion practice. . . . Counsel must also refrain from unnecessary character attacks in their judicial filings").  Quite plainly, an admonition that attorneys comport themselves in a professional and cooperative manner is not meant to be "an invitation for counsel to bring to the Court petty and superfluous disputes in an effort to paint one another as unreasonable." *Cardinali v. Plusfour, Inc.*, 2019 WL 3456630, at *11 n.20 (D. Nev. June 20, 2019).

Plaintiff also argues that counsel was required to brief extensively the issues raised in the motion for protective order that had been denied earlier.  Docket No. 367 at 17.  The Court is not persuaded that extensive discussion of the arguments in the untimely motion for protective order was required.  *Cf.* Docket No. 345 at 9-11 (Plaintiff's reply brief block quoting case law that an untimely motion for protective order does not preclude the imposition of sanctions).

In short, the time reasonably expended on the scrapped deposition and briefing the motion for sanctions totals 19.7 hours.[6]

B.   REASONABLE HOURLY RATE

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorneys' own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Attorney Palmer has roughly 20 years of legal experience and she attests that she enjoys a good reputation in the community. *See* Docket No. 367-1 at ¶¶ 10-20. Attorney Palmer attests that her customary billing rate is $400 per hour, *see id.* at ¶ 9, which is the rate she seeks here, *see, e.g.*, Docket No. 367 at 5. While the customary rate the attorney attests to charging other clients may be considered, *see, e.g.*, Local Rule 54-14(a)(3)(F), it is not dispositive of the inquiry of a reasonable rate, *see, e.g.*, *Maldonado v. Leman*, 811 F.2d 1341, 1342 (9th Cir. 1987). Given the Court's familiarity with the community rates, however, the Court finds the rate sought by Attorney

---

[6] The Animal Foundation offered to pay $5,000 prior to the filing of the motion to calculate expenses, with an indication that it remained open to further negotiation. Docket No. 367-3 at 15. Plaintiff's reply brief indicates that "Plaintiff agrees that his counselors should receive no fee award for their time spent drafting the instant *Motion* [to calculate expenses] and this *Reply*, thereto," if the Court finds that the $5,000 offer "was reasonable." Docket No. 386 at 8 (emphasis in original). Although the Court is awarding a slightly higher amount, the pre-motion offer was reasonable, particularly given the indication that further movement might be provided. As such, Plaintiff has foregone recovery of fees arising from the motion to calculate expenses.

Palmer to be in line with the prevailing rate in the community for similar services by similarly situated attorneys. *Cf. Walker v. N. Las Vegas Police Dept.*, 2016 WL 3536172, at *2 (D. Nev. June 27, 2016) (awarding hourly rate of $350 for attorney with 12 years of legal experience).[7]

C. CALCULATION

In light of the above, the lodestar for attorney's fees is 19.7 hours at a rate of $400. Therefore, Plaintiff is awarded $7,880 in fees.

IV. **CALCULATON OF COSTS**

Plaintiff also seeks to recover costs for the court reporter and videographer at the doomed deposition. Docket No. 367 at 11. The Court awards these costs in the amount of $753.15.

V. **CONCLUSION**

For the reasons discussed more fully above, Plaintiff's motion to calculate expenses is **GRANTED** in part and **DENIED** in part. The Court awards $7,880 in fees and $753.15 in costs to Plaintiff. These fees and costs must be paid to Plaintiff's counsel by December 22, 2023.

IT IS SO ORDERED.

Dated: November 28, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[7] The Animal Foundation seeks a lower rate based largely on the assertion that its counsel charges a lower hourly rate. *See* Docket No. 377 at 3, 12. The Court is not persuaded that opposing counsel's hourly rate suffices to reduce the rate Plaintiff has shown is reasonable for Attorney Palmer. *See, e.g., Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1123 (C.D. Cal. 2012).