UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brian Borenstein,

          Plaintiff

  v.

The Animal Foundation, et al.,

          Defendants

Case No. 2:19-cv-00985-CDS-NJK

**Order Resolving Pending Motions**

[ECF Nos. 342, 343, 420]

      This is a civil-rights, disability discrimination, property, and personal injury case. Plaintiff Brian Borenstein filed a third-amended complaint (TAC) on July 5, 2023. ECF No. 329. Defendants Clark County and Victor Zavala (together, County Defendants) move to dismiss the TAC in part (ECF No. 342), which Borenstein opposes (ECF No. 378). The Animal Foundation (TAF) and Carly Scholten (together, TAF Defendants) move to dismiss the TAC in part (ECF No. 343), which Borenstein opposes (ECF No. 355). Also pending before the court is Borenstein's objection to Magistrate Judge Nancy J. Koppe's orders denying his motion for discovery relief (ECF Nos. 417–419). ECF No. 420. For the reasons set forth in this order, I grant defendants' motions to dismiss, and deny Borenstein's objections.

**I.    Background**

      With over four years of motion practice, the parties are familiar with the facts of this case. I only include information relevant to resolving the pending motions and objections before the court.

      On April 5, 2023, I issued an order on the second amended complaint (SAC): (1) granting in part and denying in part County Defendants' motion to dismiss, giving Bornstein leave to amend his claims arising under § 1983, the Americans with Disabilities Act, and the Rehabilitation Act as to Clark County only, and leave to amend his intentional infliction of

emotional distress (IIED) claim against Clark County and Zavala only; and (2) granting in part and denying in part TAF Defendants' motion to dismiss, giving Bornstein leave to amend his procedural due process and First Amendment retaliation claims against TAF and Scholten only. Order, ECF No. 289.

Excluding the claims mentioned above that Borenstein had leave to amend, the following claims survived: Borenstein's claim against Clark County for unlawful discrimination, harassment, and retaliation based on his disability; Borenstein's § 1983 claim against TAF for unreasonable seizure; Borenstein's claim against TAF for violations of the Americans with Disabilities Act of 1990 (ADA) and the Rehabilitation Act; Borenstein's claim against TAF Defendants for ADA retaliation; and Borenstein's claim against TAF for negligent supervision, training, and retention. *See id*. at 32.

## II.    Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that the defendant has acted unlawfully." *Id*. But "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

III.    **Discussion**

As a threshold matter, the TAC suffers from some of the same deficiencies I identified and discussed in my order dismissing the SAC. Order, ECF No. 289. Accordingly, I adopt and incorporate my findings as stated herein, only adding additional discussion or analysis where needed.

Throughout his oppositions, Borenstein again argues that certain claims should be permitted to proceed because Judge Gordon did not dismiss them in his order disposing of the motions to dismiss the first amended complaint (FAC.) *See* ECF Nos. 378; 355. While I greatly respect my learned colleague, I remind Borenstein—as I did when addressing the SAC—that, because he filed a TAC, I am free to determine if the amended complaint is substantially the same as the initial complaint and to determine whether to follow the same reasoning in Judge Gordon's order. *See, e.g., Hart v. Massanari*, 266 F.3d 1155, 1176 (9th Cir. 2001) (rejecting argument because it would imply that "district court opinions should bind district courts, at least in the same district"); *United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) ("The opinion of a district court carries no precedential weight, even within the same district."); *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) ("A single district court decision . . . is not binding on the circuit, or even on other district judges in the same district.").

A.    **County Defendants' motion to dismiss (ECF No. 342).**

In the TAC, Borenstein makes four § 1983 claims against Clark County, including a violation of his right to substantive due process (first cause of action); violation of equal protection (second cause of action); violation of procedural due process (third cause of action); and an unreasonable search and seizure (fourth cause of action). TAC, ECF No. 329 at 34–49. Borenstein also brings two claims of unlawful discrimination under the ADA and the

Rehabilitation Act against Clark County Animal Control (CCAC) (seventh cause of action, *id.* at 51–54; ninth cause of action, *id.* at 57–59), and a claim of IIED against Clark County and Zavala (fifteenth cause of action, *id.* at 65–70). Clark County and Zavala move to dismiss the first, second, third, fourth, seventh, and fifteenth causes of action (ECF No. 342), which Borenstein opposes (ECF No. 378).

### 1. *The court declines to convert the motion to dismiss to a motion for summary judgment.*

In his response, Borenstein cites to deposition testimony and asks me to convert County Defendants' motion to dismiss to one of summary judgment under Federal Rule of Civil Procedure 12(d). *Id.* at 3. "Whether to convert a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d) is at the discretion of the district court." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015); *see also Swedberg v. Marotzke*, 339 F.3d 1139, 1142–43, 1146 (9th Cir. 2003) (stating that district courts must take some affirmative action to convert 12(b)(6) motion to dismiss supported by extraneous materials into a summary judgment motion). "[T]he central question [in determining whether to convert a Rule 12 motion into one for summary judgment] is whether the proffered materials and additional procedures required by Rule 56 will facilitate disposition of the action or whether the court can base its decision upon the face of the pleadings." *Dreamdealers USA, LLC v. Lee Poh Sun*, 2014 WL 3919856, at *3 (D. Nev. Aug. 12, 2014) (citations omitted). Even though this case has been pending for years now, I can resolve these motions on the face of the pleadings, so I exercise my discretion to decline to convert this motion into one for summary judgment.

### 2. *The § 1983 claims against Clark County (the first, second, third, and fourth causes of action) are dismissed with prejudice.*

County Defendants also move to dismiss Borenstein's § 1983 claims. ECF No. 342 at 6–18. In my previous order, I found that the SAC failed to meet the requirements to impose municipal liability against Clark County and dismissed Borenstein's § 1983 claims because he did not detail

with specificity either how the policies amounted to deliberate indifference of his constitutional rights or how the policies were the moving forces behind the constitutional violations. Order, ECF No. 289 at 9. The TAC attempts to cure my previous finding by alleging that Title 10 of the Clark County Code of Ordinances (the Ordinance) is a county policy that is "vague and overbroad by failing to define certain terms with sufficient precision and particularity to permit its enforcement in other than an arbitrary and capricious manner that is certain to result in violations of constitutional and other legal rights" and that provisions of the Ordinance are "susceptible to violations of constitutional and other legal rights[.]" TAC, ECF No. 329 at ¶¶ 212–13. Borenstein also argues the agreement between Clark County and TAF "comprises the ordinary practices and customs[.]" *Id.* at ¶ 13.

Borenstein again fails to explain *how* the Ordinance was the moving force behind the alleged constitutional violations. As stated in my previous order, the federal pleading rules for municipal liability claims "must identify the policy/custom, explain how the specific policy/custom was deficient, how the policy/custom caused plaintiff harm, and how the policy/custom amounted to deliberate indifference (i.e. how the deficiency was obvious and the constitutional injury was likely to occur)." *Jones v. Cnty. of Sacramento*, 2023 WL 2278562, at *7 (E.D. Cal. Feb. 28, 2023) (citing *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009)). The TAC fails to do so. Instead, the TAC merely alleges that the Ordinance (the policy or custom) is disagreeable, or as stated by Borenstein, "susceptible" to constitutional violations. TAC, ECF No. 329 at ¶ 213. This is insufficient. Without explanation or analysis, this is a mere conclusory allegation. *See In Re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) (conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss).

Borenstein further alleges that the Ordinance is unconstitutional. Municipal liability attaches where there are factual allegations of a government's policy or custom that actually causes harm or amounts to deliberate indifference. *See Monell v. Dep't. of Soc. Svcs.*, 436 U.S. 658, 694 (1978); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). Again, Borenstein

failed to explain how the alleged harm was more than an isolated or sporadic incident. As I previously found, "[l]iability for improper custom **may not be predicated on isolated or sporadic incidents**; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (emphasis added). Borenstein fails to set forth liability based on these requirements. Consequently, I incorporate my analysis and adopt my previous finding[1] that Borenstein has not met his burden in pleading the elements of municipal liability, so I dismiss his § 1983 claims against Clark County with prejudice.

### 3. *The claim alleging unlawful discrimination under the ADA and the Rehabilitation Act against Clark County Animal Control (seventh cause of action) is dismissed with prejudice.*

I previously dismissed Borenstein's unlawful discrimination claim against CCAC because Borenstein failed to connect his disability to the conduct at issue. Order, ECF No. 289 at 11.

Here, while changing the phrasing, the allegations in the TAC still do not allege that Borenstein was denied benefits of service because of his disability. *Compare* SAC, ECF No. 189 at ¶¶ 262–73, *with* TAC, ECF No. 329 at ¶¶ 291–305.[2] In his opposition, Borenstein argues he corrected this deficiency because he has alleged that he "was unable to physically reclaim Mana because of a disability that hospitalized him." ECF No. 378 at 17. Taking that allegation as true, as I must at this stage, the TAC still fails to allege that Borenstein was excluded from participation in TAF's services or denied the benefits of those services *because of his disability*, as is required by the ADA. Rather, the allegations show that Borenstein was able to benefit from

---

[1] ECF No. 289 at 7–10.

[2] The TAC includes three additional paragraphs (¶¶ 298–300), and an additional conclusory phrase that Clark County "discriminated against BORENSTEIN on the basis of his disabilities" (¶ 297), which still fails to specifically connect his disability to the conduct at issue. Thus, even when considering these additional paragraphs, this claim fails to meet the *Iqbal/Twombly* pleading standard.

TAF's services, albeit for a shorter timeframe than Borenstein found ideal. But his hospitalization is what prevented him from timely claiming Mana, not exclusion by TAF. Stated otherwise, his hospitalization was the result of his disability, but his inability to timely claim Mana was not. Further, Borenstein failed to address how he cured the deficiencies in the Rehabilitation Act claim. *See id.* at 17–19. This alone is grounds to grant that part of the motion. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). As a result, and in incorporating my prior analysis and adopting my previous finding,[3] I dismiss Bornstein's ADA and Rehabilitation Act against CCAC (seventh cause of action) with prejudice.

### 4. The fifteenth claim, alleging IIED against Clark County and Zavala, is dismissed with prejudice.

I previously dismissed this claim because Borenstein failed to allege any factual matter to demonstrate extreme or outrageous conduct or factual matter undertaken by the County Defendants. Order, ECF No. 289 at 17. I further found that Borenstein relied on conclusory allegations of perceived malintent, and excluded the possibility that CCAC and Zavala were trying to help Borenstein reunite with Mana. *Id.*

The TAC again lacks factual allegations that meet the extreme or outrageous behavior standard. Instead, the TAC essentially repeats the allegations of the SAC. *Compare* SAC, ECF No. 189 at ¶¶ 364–70, *with* TAC, ECF No. 329 at ¶¶ 356–66. Extreme and outrageous conduct is conduct "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted). "Severe or extreme emotional distress" is distress "so severe and of such intensity that no reasonable person could be expected to endure it." *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993). In his opposition, Borenstein points to allegations in the

---

[3] ECF No. 289 at 10–12.

TAC which he claims show extreme or outrageous behavior, including his "history" with CCAC and Zavala, and that, because of this history, CCAC and Zavala both knew Borenstein had serious mental disabilities for which he used a service dog. ECF No. 378 at 20. Borenstein again rests his allegations on perceived malintent. "Extreme and outrageous conduct also may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." *Chehade Refai v. Lazaro*, 614 F. Supp. 2d 1103, 1122 (D. Nev. 2009) (internal quotations omitted). But Borenstein's allegations, namely the "Do Not Adopt" note placed by TAF and CCAC's failure to remove the note from his file, do not rise to the level of extreme or outrageous behavior. Furthermore, IIED requires *intent* to cause emotional distress or reckless disregard for causing emotional distress. There are no such allegations in the TAC.

I incorporate my prior analysis and adopt my previous finding. I dismiss Bornstein's IIED against claim against the County Defendants (fifteenth cause of action) with prejudice. All claims against the County Defendants are dismissed with prejudice, except for Borenstein's ninth claim for relief against Clark County which survived the previous motion to dismiss. Further, no claims against Zavala survive, so he is dismissed from this action.

### B.   TAF Defendants' motion to dismiss (ECF No. 343).

The TAC asserts two § 1983 claims against TAF and Scholten (third cause of action, TAC, ECF No. 329 at ¶¶ 248–69) (sixth cause of action, *id.* at ¶¶ 281–90); one § 1983 claim against TAF (fourth cause of action, *id.* at ¶¶ 270–79); one unlawful discrimination claim under the ADA and Rehabilitation Act against TAF (eighth cause of action, *id.* at ¶¶ 306–15); one unlawful discrimination, harassment and retaliation claim under the ADA against TAF and Scholten (ninth cause of action, *id.* at ¶¶ 316–26); one claim under NRS § 651.070 against TAF and Scholten (eleventh cause of action, *id.* at ¶¶ 328–34); and a Negligent Training, Supervision, and Retention claim against TAF (thirteenth cause of action, *id.* at ¶¶ 336–44).

TAF Defendants move to dismiss the claims against Scholten in her individual capacity, § 1983 claims against TAF, and the third, fourth, sixth, eighth, ninth, eleventh, and thirteenth causes of action. ECF No. 343.

### 1. *Scholten is dismissed from the ninth cause of action with prejudice.*

TAF Defendants move to dismiss Scholten from the ninth cause of action. Therein, Borenstein alleges a violation of the ADA against CCAC, TAF, and Scholten in her individual capacity. *See* TAC, ECF No. 329 at 57–58.

Title II of the ADA, 42 U.S.C. § 12101 et seq. prohibits discrimination on the basis of a person's disability in the programs, services or activities of a public entity. The ADA broadly "defines 'public entity' as 'any State or local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997) (quoting 42 U.S.C. § 12131(1)). Thus, to prove a violation of Title II of the ADA "[a] plaintiff must prove that the defendant **public entity** acted with 'deliberate indifference.'" *Cohen v. City of Culver City*, 754 F.3d 690, 695 n.6 (9th Cir. 2014) (emphasis added). As relevant here, this means that the public entity had knowledge that a violation of Borenstein's rights under the ADA was substantially likely to occur and that the public entity failed to act on that knowledge. Because these claims must be brought against a public entity, Title II does not allow for individual capacities suits. *See Thomas v. Nakatani*, 128 F. Supp. 2d 684 (D. Haw. 2000) (no individual capacity suit under Title II); *Campos v. San Francisco State Univ.*, 1999 WL 1201809 (N.D. Cal. June 26, 1998) (dismissing individual capacity Title II claims). Accordingly, this claim brought against Scholten in her individual capacity fails and is hereby dismissed with prejudice.

> ### 2. *The § 1983 Procedural Due Process claim (the third cause of action) and § 1983 First Amendment Retaliation claim (the sixth cause of action) against TAF are dismissed with prejudice.*

I previously dismissed Borenstein's third and sixth claims without prejudice and with leave to amend, allowing Borenstein to allege specific facts in the TAC to allow me to draw the inference that TAF acted under color of state law when it placed Borenstein on the "Do Not Adopt" list. Order, ECF No. 289 at 22 ("I thus dismiss his third claim. However, I do so without prejudice and with leave to amend, as Borenstein may be able to allege *specific facts that allow me to draw the inference that TAF acted under color of state law when it placed Borenstein on the "Do Not Adopt" list.*") (emphasis added); *see also id.* at 24 ("I do not find that Borenstein has sufficiently pled allegations that allow me to infer that TAF acted under the color of state law when it placed him on the "Do Not Adopt" list . . . . [b]ut because I find that Borenstein could amend his complaint to state plausible *factual allegations allowing me to make such an inference*, I dismiss this claim without prejudice and with leave to amend.") Any allegations Borenstein made outside of this scope were not considered by the court.[4]

TAF Defendants move to dismiss Borenstein's procedural due process claim with prejudice because the TAC makes no additional factual allegation to back up Borenstein's claim that the animal shelter services are "totally intertwined with government action" and authority because of CCAC's traditional and long-established police power. ECF No. 343 at 5–6. In opposition, Borenstein argues that TAF's use of a warning system constitutes state action because TAF's "Do Not Adopt" note/warning was visible to other government users. ECF No. 355 at 8–9. As addressed in my previous order, the simple fact that TAF's warning was visible to CCAC officers is insufficient to allege a state action. Order, ECF No. 289 at 22.

---

[4] For example, Borenstein argues that his due process rights were violated because "[t]here were simply no processes provided to Plaintiff to enable him to retain possession of his service dog" and he "had no way of knowing, until after the fact, that he was in danger of losing Mana." ECF No. 378 at 14–15.

Similarly, TAF moves to dismiss Borenstein's retaliation claim because Borenstein "alleges no facts to show the Animal Defendant's acted under color of state law when placing the note in Plaintiff's records with TAF." ECF No. 343 at 6. In opposition, Borenstein argues that he plead state action in his due process claim. ECF No. 355 at 9. As described above, Borenstein did not adequately allege state action regarding the "Do Not Adopt" note. For these reasons, and adopting the same reasoning set forth in my previous findings,[5] I find Borenstein fails to allege sufficient facts to sustain his procedural due process causes of action. Accordingly, his third and sixth claims are dismissed with prejudice.

### 3. *The ADA claims against TAF (the eighth and ninth claims).*

I previously found that Borenstein adequately pled his ADA and Rehabilitation Act claims against TAF defendants. Order, ECF No. 289 at 24. TAF now argues that Borenstein's claim of unlawful discrimination in violation of the ADA (eighth claim) should be dismissed, based on affirmative defenses, because the facts of the complaint establish the defenses. ECF No. 343 at 6–9. Indeed, dismissal based on an affirmative defense is appropriate when the facts of the complaint establish those defenses. *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019), *cert. denied sub nom. Monex Deposit Co. v. Commodity Futures Trading Comm'n*, 141 S. Ct. 158 (2020). However, TAF's affirmative defenses are not supported by facts alleged within the complaint and defendants do not even cite the complaint within their argument. I thus decline to consider TAF's affirmative defenses and adopt my previous finding regarding Borenstein's eighth claim. *See* Order, ECF No. 289 at 24.

TAF also moves to dismiss Borenstein's claim for unlawful discrimination, harassment, and retaliation based on Borenstein's disabilities in violation of the ADA (ninth cause of action), arguing that Borenstein did not provide a causal or temporal link[6] between the alleged ADA

---

[5] Order, ECF No. 289 at 21–22.

[6] To establish a prima facie case of retaliation under the ADA, a plaintiff must show that: (1) they engaged in a protected activity; (2) suffered an adverse action; and (3) there was a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir. 2003). Causation may be inferred based on temporal proximity between the protected activity and the alleged retaliation, *see Manatt v. Bank of America*,

violation and alleged retaliation. ECF No. 343 at 9. In opposition, Borenstein points to over 40 separate paragraphs throughout the TAC. ECF No. 355 at 11–12 (citing TAC, ECF No. 329 at ¶¶ 166–91, 196–204, 320–24). Those allegations start on June 2, 2019, after Mana had been placed into TAF's care, after Mana had already been adopted. TAC, ECF No. 329 at ¶¶ 166–91. Those allegations then set forth that Borenstein's name was entered into a database cautioning area shelters to not let Borenstein adopt a dog on June 25, 2019—which was 15 days after he commenced this action. *See id.* at ¶¶ 196–204.

In employment actions alleging unlawful retaliation, this circuit has required temporal proximity to be "less than three months between the protected activity and the adverse employment action for the employee to establish causation based on timing alone." *Mahoe v. Operating Eng'rs Local Union No. 3*, 2014 WL 6685812, at *8 (D. Haw. Nov. 25, 2014) (citing *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)). The alleged retaliation here meets that temporal proximity requirement: it occurred well within the three-month period (from June 2, 2019 to June 25, 2019). TAC, ECF No. 329 at ¶¶ 166–91, 196–204. Accordingly, Borenstein sets forth sufficient allegations to establish both the causal and temporal link. *See also Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000) (noting that in employment actions, causation can be inferred from timing alone); *see also Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 505 (9th Cir. 1989) (prima facie case of causation was established when discharges occurred forty-two and fifty-nine days after EEOC hearings). Accordingly, TAF's motion to dismiss the ninth cause of action is denied.

### 4. *Negligent training and supervision claim against TAF (thirteenth claim) is adequately pled.*

I previously found that Borenstein adequately pled a negligent training and supervision claim against TAF. Order, ECF No. 289 at 26–27. TAF Defendants move to dismiss this claim,

---

*NA*, 339 F.3d 792, 802 (9th Cir. 2003), but the connection in time must be "very close," *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

arguing that the "TAC provides no causal connection between his injuries and the training received by employees of TAF" and "accuses [TAF] of possessing a 'conscious disregard' for his rights and safety." ECF No. 343 at 9. But the TAC contains nearly identical allegations as the SAC, which I already found adequately pled a negligent training and supervision claim against TAF. *Compare* SAC, ECF No. 189 at ¶¶ 331–43, *with* TAC, ECF No. 329 at ¶¶ 336–44. I thus incorporate my previous analysis[7] and find that the TAC's allegations are sufficient to establish a prima facie negligent training and supervision claim against TAF.

### C.  Borenstein's objections to Magistrate Judge Koppe's orders denying Borenstein's motions for discovery relief are overruled.

In June 2023, Judge Koppe ordered an extension of discovery for the sole purpose of taking four depositions. Order, ECF No. 320. The deposition of TAF's Rule 30(b)(6) witness was scheduled for the following month. ECF No. 360 at 1. Borenstein alleges that neither TAF's counsel nor witness appeared at the deposition. *Id.* Borenstein sought sanctions. ECF No. 338. Judge Koppe granted sanctions, and TAF was ordered to "sit for [a] deposition in Las Vegas, Nevada, on a date no later than October 5, 2023." ECF No. 360 at 6. TAF's deposition was then set for October 2, 2023. ECF No. 392-2. Borenstein alleges that at this deposition, "TAF's witness was unprepared and was unable to answer some simple, basic, and straightforward questions about noticed topics." ECF No. 420 at 3. Borenstein moved for sanctions (ECF No. 394), which Judge Koppe denied (Order, ECF No. 417). Borenstein also moved to reopen the deposition (ECF No. 395), which Judge Koppe denied (Order, ECF No. 418). Borenstein then moved to reopen discovery (ECF No. 396), which Judge Koppe denied (ECF No. 419). Borenstein now objects to those orders. ECF No. 420.

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to

---

[7] ECF No. 289 at 26–27.

law." 28 U.S.C. § 636(b)(1)(A). The court must "review the magistrate judge's factual findings for clear error and legal conclusions de novo." *Adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (citing *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). An order is "'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig*, 940 F.3d at 219 (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may object to a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a); Fed. R. Civ. P. 72(a). "The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

### 1. *Borenstein's objection to the first order is overruled.*

Borenstein objects to Judge Koppe's first order (Order, ECF No. 417) denying his motion for sanctions pursuant to Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure, Rule 37(b)(1) of the Federal Rules of Civil Procedure, and the court's civil contempt power (ECF No. 394). ECF No. 420. Judge Koppe explained that Borenstein's Rule 37(d)(1) motion for sanctions failed as a matter of law because the Ninth Circuit has explained that Rule 37(d)(1) applies only when a deponent does not appear for a deposition, and it was undisputed that TAF's deponent not only appeared for the deposition but answered many of the questions. ECF No. 417 at 2. Judge Koppe further explained that Borenstein's Rule 37(b)(1) motion for sanctions failed because the rule applies when the court "orders a deponent to be sworn or to answer a question and the deponent fails to obey" (Fed. R. Civ. P. 37(b)(1)), and TAF complied with the order to sit for a deposition no later than October 5, 2023. Order, ECF No. 417 at 2–3.

Borenstein argues that Judge Koppe "erred by finding that Plaintiff's request for sanctions *was limited* to those permitted by Rules 37(d)(1)(A) and 37(b)(1) and the Court's civil contempt power" because "a closer reading of the Legal Standard reflects that Plaintiff did not cite to these rules but rather to legal cases describing an entity's duty in preparing its witness and the sanctions that are the legal standard available when an entity falls short of that duty; these cases cite to the federal rules identified by the Court." ECF No. 420 at 3–4 (emphasis in original). But looking at the motion, and specifically, the legal standard, Borenstein sought sanctions under Rules 37(d)(1)(A) and 37(b)(1). ECF No. 394 at 7–8. Borenstein did not show how Judge Koppe's order was clearly erroneous or contrary to the law regarding Rules 37(d)(1)(A) and 37(b)(1). Instead, Borenstein lodges a new argument—not included in his motion for sanctions—that Judge Koppe should have issued sanctions under Rule 37(a). ECF No. 420 at 7. This is improper as "[m]otions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief." *See Jones v. Sweeney*, 2008 WL 3892111, at *2 (E.D. Cal. Aug. 21, 2008) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). I decline to consider Borenstein's new argument and remind Borenstein that lodging new arguments in an objection is improper. Accordingly, Borenstein fails to show why Judge Koppe's order denying his motion for sanctions under Rule 37(d)(1)(A) and Rule 37(b)(1) was erroneous or fails as a matter of law, so I overrule this objection and affirm Judge Koppe's order in full.

### 2. *Borenstein's objection to the second order is overruled.*

Borenstein also objects to Judge Koppe's second order (Order, ECF No. 418) denying his motion to reopen and compel testimony from TAF's Rule 30(b)(6) witness (ECF No. 395). ECF No. 420. Judge Koppe denied Borenstein's motion because Borenstein did not demonstrate that TAF impeded the deposition or that other grounds exist to extend the time for that deposition. Order, ECF No. 418 at 5.

Candidly, Borenstein's objection is difficult to follow. Borenstein seemingly objects to the second order discussing the very same four arguments advanced by him in his motion to reopen and compel. *See generally*, ECF No. 420 at 8–11. In fact, he argues that the second order "erroneously states Plaintiff made four arguments in support of additional deposition time." *Id.* at 9 n.3. But he, *in fact*, raised the same four arguments that were addressed by Judge Koppe. *Compare* ECF No. 395 at 1–2 (complaining he was not given the 30(b)(6) witness identity ahead of time), *id.* at 12–13 (arguing TAF should have agreed to extend the deposition), *id.* at 5–12 (arguing the 30(b)(6) witness was unprepared), and *id.* at 6–9 (arguing TAF lodged inappropriate objections during the deposition), *with* second Order, ECF No. 418 at 2–3 (addressing: (1) not identifying the 30(b)(6) witnesses ahead of time; (2) TAF not volunteering more time to depose the witness; (3) the witnesses should have been better prepared to answer the questions; and (4) arguing TAF improperly lodged deposition objections). Borenstein asserts that the "*only* reason for requesting additional examination time was due to TAF's failure to produce a knowledgeable witness to answer questions on other noticed topics, as further evidenced by its counsel's pretextual objections—all of which lengthened the examination time required on earlier topics and prevented examination on additional noticed topics for which there was insufficient time." *Id.* at 8 (emphasis in original). A plain reading of this argument reveals that it is a more concise statement of the four arguments lodged in his motion to compel.

What is lacking from the objections is how Judge Koppe's order was clearly erroneous or contrary to the law. Instead, Borenstein advances unhelpful, and at times, unprofessional arguments. For example, Borenstein contends that "the footnote" in the second order contains "pejorative statements that are simply false," without citing to what footnote he is referencing. ECF No. 420 at 11. He further argues that Judge Koppe misinterpreted his motion by "mischaracteriz[ing] the evidence and the law," without identifying the alleged mischaracterizations. *Id.* at 8, 10.

Borenstein also claims that the merits of his motion were "summarily dismissed." *Id.* at 10. Again, it is difficult to understand this argument when Judge Koppe issued a five-page order specifically addressing—and rejecting—each argument raised by Borenstein. Nonetheless, I broadly construe Borenstein's contention that his motion was "summarily dismissed" and determine it must be directed at the second order's resolution of his argument that the Rule 30(b)(6) witness was unprepared. *See* ECF No. 418 at 4–5. Judge Koppe rejected Borenstein's arguments because: (1) Borenstein contested the deponent's preparedness through conclusory statements supported only by a string citation, and (2) incorporated by reference of arguments presented elsewhere, which violated a prior order prohibiting arguments by incorporation.[8] Order, ECF No. 418. While Judge Koppe did not address this argument within the body of the order, it was addressed in footnote 5. *Id.* at 4, n.5. Therein, Judge Koppe wrote that even if the court had considered Borenstein's arguments regarding unpreparedness, it does not appear that relief would be warranted. *Id.* This is neither a summary dismissal nor contrary to the law or clearly erroneous.

Because Borenstein failed to meet the standard requiring reconsideration, I am not required to conduct a de novo review of the underlying motion (ECF No. 395), but I nonetheless did, and agree with Judge Koppe's conclusion that relief is not warranted in this instance.

The majority of Borenstein's motion is dedicated to protesting what he contends were "excessive" and "improper" objections lodged by opposing counsel during the Rule 30(b)(6) witness's deposition. *See id.* at 6–12. But a review of those objections does not support Borenstein's contentions. For example, Borenstein complains that it was improper for TAF's counsel to lodge a "calls for a legal conclusion" objection when the witness was asked "Does Title III of the Americans with Disabilities Act apply to The Animal Foundation's operations?" *Id.* at 7. This objection is neither improper nor excessive. The rule states that during a deposition,

---

[8] *See* Order, ECF No. 256 at 2 (in denying a motion to compel, Judge Koppe ordered that "[a]ny renewed motion must be focused on the specific issues at hand, must be well-organized, and must be complete in of itself.").

a party must state their objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). That is precisely what defense counsel did in this instance. Further, the rule requires a party believing a question is improper to lodge the objection "on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). This rule was also followed. Finally, counsel did not instruct the witness not to answer the question, which *would be* improper. *See* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).). Simply put, counsel complied with the Rule. And other objections cited by Borenstein also appear to comply with this Rule.[9] Accordingly, Borenstein's objections on this ground are overruled.

The remainder of Borenstein's motion is dedicated to complaining about opposing counsel's refusal to extend the deposition, which is tied to his argument that the witness spent large amounts of time during the deposition reviewing documents. According to Borenstein, this limited his ability to timely complete the examination. But these arguments also do not provide a basis to grant Borenstein's motion to compel. First, the majority of the motion consists of large block quotes of the exchanges between counsel about extending the deposition (*see* ECF No. 395 at 9–16) without any meaningful analysis as to why additional time was needed, what questions remain outstanding, or anything else that could potentially entitle Borenstein to relief. And Borenstein failed to provide a copy of the video deposition for consideration to either Judge Koppe or myself to show the alleged extensive gaps of time used by the witness for document review during the deposition. Further, Borenstein's motion fails to provide any meaningful

---

[9] *See, e.g., id.* at 7–8 ("**Q.** Does The Animal Foundation have the expertise to provide proper care for a service dog? **Lipman.** Objection. It's not a listed topic. You can answer."); *id.* at 8 ("**Q.** Do you know…What qualifies a dog to be a service dog? **A.** Do I know what qualifies? **Q.** Does TAF know? **Lipman.** Objection. Beyond the scope of the notice."); *id.* at 9 ("**Q.** Do you know how the legal hold of ten days was established for a hospitalized person? **Lipman.** Objection. Speculation and beyond the scope of the notice. A. I do not."); *id.* (**Q.** Does TAF have an opinion based on the information in its files as to whether Mr. Borenstein has a mental disability? **A.** Do we have an opinion? **Q.** Yes. **Lipman.** Objection. Beyond the scope.").

analysis as to why the additional deposition time ballooned from 26 minutes to half a day.[10]
Rather, Borenstein asks for relief based on a series of "ifs." *See id.* at 13 (*if* counsel had previously agreed to extend the time by 15 minutes; *if* TAF disclosed the witness' name ahead of time; *if* someone else is designated). The court is not inclined to grant relief based on hypotheticals or conjectures. Thus, after conducting a de novo review of Borenstein's motion and objection to Judge Koppe's order, I find that the second order is neither clearly erroneous nor contrary to the law. Consequently, Borenstein's objections are overruled, and I affirm Judge Koppe's order in full.

### 3.  *Borenstein's objection to the third order is overruled.*

Finally, Borenstein objects to Judge Koppe's third order (Order, ECF No. 419) denying his motion to depose additional witnesses (ECF No. 396) because the order is "manifestly unjust[.]" ECF No. 420 at 12.

In June 2023, Judge Koppe denied Borenstein's initial request to extend the discovery cutoff more generally or to except the deposition of Stephanie Clevinger from the discovery cutoff because good cause was lacking for such a request and that aspect of the motion was opposed. Order, ECF No. 320. Six months later, Borenstein filed a motion to reopen discovery to depose Clevinger, as well as to possibly depose Zoie Keast and Julio Mejia, should Clevinger's deposition prove insufficient. ECF No. 396. Judge Koppe denied that motion, finding that it was a motion for reconsideration, although not styled as such. Order, ECF No. 419.

Borenstein averred that the depositions were necessary to ascertain "why Mana was adopted to a third-party in the evening of June 1, 2019, when both Clark County Animal Control [] and The Animal Foundation [] were aware of Plaintiff's intent to reclaim his dog the very next day, on June 2, 2019." ECF No. 396 at 2. Judge Koppe denied the motion, finding that Borenstein did not satisfy the reconsideration standard. Order, ECF No. 419 at 5. The standard for

---

[10] As cited in the motion, Borenstein's counsel stated that she could likely complete questioning within the "remaining half-hour." ECF No. 395 at 13. But in her motion to reopen and compel, Borenstein now seeks an additional half-day to depose the witness. *Id.*

reconsideration is clear: reconsideration may be warranted when "there is newly discovered evidence that was not available when the original motion or response was filed" or when the earlier decision is manifestly unjust. LR 59-1(a)(1)–(2). Judge Koppe found that Borenstein had ample time, in fact, years, to depose Cleavinger, Mejia and Keast, as they were identified in Borenstein's pleadings and disclosures from years prior. Order, ECF No. 419 at 5, 8–9. Consequently, Judge Koppe could not find good cause to reopen discovery. Additionally, Judge Koppe found that Borenstein failed to show that the denial of Borenstein's initial motion to depose Cleavinger was manifestly unjust because Borenstein's reason for requesting to reopen discovery—the supposed importance and relevance of Cleavinger's deposition to his claims—is not a basis for obtaining discovery after the cut-off date. *Id.* at 7.

Borenstein argues that "[i]t is manifestly unjust" to now deny him the discovery relief he seeks of deposing Clevinger, Keast, and Mejia given TAF's failure to adequately prepare its Rule 30(b)(6) witness.[11] ECF No. 420 at 12. However, Borenstein did not show how Judge Koppe's initial decision, or reconsideration of that decision, were clearly erroneous or contrary to the law. I agree with Judge Koppe's findings that there is no newly discovered evidence to warrant reopening discovery (especially since all parties were previously known) and find that Borenstein did not show how Judge Koppe's initial decision (ECF No. 320), or affirmation of that decision (ECF No. 419), are manifestly unjust. Thus, I overrule Borenstein's objection and affirm Judge Koppe's order.

## IV.    Conclusion

IT IS HEREBY ORDERED that the County Defendants' motion to dismiss **[ECF No. 342] is GRANTED**. The sole cause of action against the County that remains is Borenstein's claim for unlawful discrimination, harassment, and retaliation based on his disabilities in violation of the ADA (ninth cause of action). No claims against Zavala survive this stage of litigation, and Zavala is dismissed from this action with prejudice.

---

[11] As noted above, Borenstein's arguments that the witness was unprepared are unconvincing.

IT IS FURTHER ORDERED that the TAF Defendants' motion to dismiss **[ECF No. 343] is GRANTED in part and DENIED in part**. No claims against Scholten survive this stage of litigation, and Scholten is thus dismissed from this action with prejudice. Borenstein's claims against TAF that survive this stage of litigation are: (1) unreasonable seizure (fourth cause of action); (2) unlawful discrimination in violation of the ADA (eighth and ninth causes of action); (3) NRS § 651.070 (eleventh cause of action); and (4) negligent training, supervision, and retention (thirteenth cause of action).

IT IS FURTHER ORDERED that Borenstein's objections to Judge Koppe's first, second, and third orders regarding discovery **[ECF No. 420] are OVERRULED**. Judge Koppe's orders **[ECF Nos. 417, 418, 419] are AFFIRMED** in full.

Dated: May 23, 2024

_____
Cristina D. Silva
United States District Judge