UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brian Borenstein,

        Plaintiff

v.

The Animal Foundation, et al.,

        Defendants

Case No. 2:19-cv-00985-CDS-NJK

**Order Resolving the Parties' Various Motions to Seal Relating to Defendants' Motions for Summary Judgment**

[ECF Nos. 429, 432, 433, 438, 447]

      Before the court are (1) defendant Clark County's motion for leave to redact portions of their motion for summary judgment and to file certain exhibits under seal (ECF No. 429), (2) defendant The Animal Foundation's ("TAF") motion for leave to file under seal its motion for summary judgment (ECF No. 433), and (3) plaintiff Brian Borenstein's motion for leave to file under seal its unredacted opposition to Clark County's motion for summary judgment (ECF No. 447). For the following reasons, I grant Clark County's motion for leave, I grant TAF's motion for leave in part and deny it in part, and I grant Borenstein's motion for leave in part and deny it in part.

I.     **Legal standard**

      "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Foltz*, 331 F.3d at 1136.

The Ninth Circuit adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d 1172, 1179 (citing *Valley Broad. Co. v. United States Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *accord Foltz*, 331 F.3d at 1135–36 (noting that "'summary judgment adjudicates substantive rights and serves as a substitute for trial'") (quoting *Rushford v. New Yorker Mag.*, 846 F.2d 249, 252 (4th Cir. 1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply.") (internal citations omitted).

Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (internal quotation marks and citation omitted). Therefore, the party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. *Id.* at 1180. "Any request to seal must also be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy." *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040–41 (D. Nev. 2021) (citing *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)).

II.     Discussion

      A.  **Clark County's motion to seal is granted.**

Clark County seeks leave to redact certain portions of its motion for summary judgment that reference or quote Borenstein's medical records which are confidential in nature and subject to a protective order at ECF No. 287. ECF No. 429 at 2. Clark County also seeks leave to file

under seal two exhibits that contain Borenstein's medical records. *Id.*; *see* Def.s' Ex. B, ECF No. 428-2, Def.'s Ex. C, ECF No. 428-3. Clark County argues that sensitive health information, including medical and psychological records, are examples of personal-data identifiers which parties are generally prohibited from including in document filed within the court. ECF No. 429 at 3; LR IC 6-1(a); *see Bailey v. Williams*, 2021 U.S. Dist. LEXIS 32230, at *5 (D. Nev. Feb. 19, 2021). In response, Borenstein argues that Clark County has not demonstrated compelling reasons for why the motion should be filed under seal because the information relating to plaintiff's medical records constitutes "unreliable hearsay." ECF No. 431 at 7–8. Additionally, Borenstein argues that I should strike all references to plaintiff's medical records because they are "unfairly prejudicial." *Id.*

      Clark County has demonstrated compelling reasons to redact certain information relating to Borenstein's medical records and to file under seal Borenstein's medical records. Numerous courts in the Ninth Circuit have held that personal medical and mental health records warrant sealing because in these instances an individual's privacy interests outweigh any public interest in disclosure. *Gary v. Unum Life Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 64186, at *7–9 (D. Or. Apr. 17, 2018) (collecting cases).

      Borenstein's argument that the medical records constitute unreliable hearsay is irrelevant to whether a motion to seal or redact should be granted. Thus, I need not rule on these objections. *See Fireman's Fund Ins. Co. v. Nat'l Bank for Coops.*, 849 F. Supp. 1347, 1352 n.1 (N.D. Cal. 1994) ("the court need not rule on the objections because the material objected to does not change the outcome of the motions").[1]

      Borenstein next argues that Clark County did not provide proper notice that it filed the motion for summary judgment because it emailed him a copy and did not provide him with a

---

[1] In his response, Borenstein also argues that the medical records are not properly authenticated. ECF No. 431 at 3. However, after Clark County filed its reply to Borenstein's response, Borenstein filed a surreply withdrawing his authentication argument. ECF No. 438; ECF No. 438-1 at 3. Surreplys are typically discouraged and not permitted without leave of court. LR 7-2. However, given that the surreply withdraws one of Borenstein's arguments, the court grants the motion for leave to file the surreply.

3

paper copy pursuant to LR IA 10-5. *See* ECF No. 439.[2] In response, Clark County says that paper copies of the motion were mailed at the time of filing, as noted in the motion for summary judgment's certificate of service, and it is unclear why Borenstein's counsel has not received them by mail. ECF No. 442 at 2. I am satisfied with Clark County's explanation. Additionally, Clark County emailed the documents to Borenstein, and Borenstein's opposition to the motion for leave to file under seal clearly demonstrates that Borenstein was able to successfully review and analyze the motion for summary judgment and its exhibits.

Further, although a district court does have inherent power to strike an improperly filed confidential document, I will not do so here. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The court's decision whether to grant a motion to strike is "wholly discretionary." *Sharkey v. Nevada*, 2020 U.S. Dist. LEXIS 88454, at *2 (D. Nev. May 20, 2020) (citation omitted). However, courts typically consider whether granting the motion would "further the overall resolution" of the case and whether the document was filed for a proper purpose. *Id.* (citing *Almy v. Davis*, 2014 U.S. Dist. LEXIS 24266, at *4–5 (D. Nev. Feb. 25, 2014)). Here, Clark County uses references to Borenstein's medical records and the medical records themselves to support its arguments in its motion for summary judgment. This is a proper purpose. I therefore deny Borenstein's request that this information be stricken.

The crux of Borenstein's response to Clark County's motion to seal is that he does not want his medical information included in the record. This carries little weight considering Borenstein filed his own motion for leave to file under seal the **exact same information**—namely, his medical records and any references to his medical records or mental health treatment—in his opposition to Clark County's motion for summary judgment.[3] ECF No. 447.

---

[2] Borenstein filed a "notice of intent to respond" which the court construes as a motion for extension of deadline to file an opposition. This "notice of intent to respond" includes the crux of Borenstein's "lack of notice" argument so I refer to it without making any ruling on the motion.

[3] Borenstein's own motion to seal is discussed below.

Given that the Ninth Circuit has consistently held that the inclusion of a person's medical information warrants sealing and that, despite opposing Clark County's motion, Borenstein also wants this information filed under seal, Clark County's motion for leave to redact portions of their motion for summary judgment and to file Borenstein's medical records as exhibits under seal is granted.

### B. TAF's motion to seal is granted in part.

TAF moves for leave to file under seal its motion for summary judgment and exhibits containing plaintiff's medical records. ECF No. 433. TAF argues that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *Id.* at 2 (citing *Harris v. Wickham*, 2023 U.S. Dist. LEXIS 192121, at *4 (D. Nev. Oct. 26, 2023). In response, Borenstein makes the same arguments as above. *See* ECF No. 435. For the reasons I have previously explained, I agree that protecting Borenstein's medical privacy is a compelling reason to seal records, and I do not find any of Borenstein's arguments in opposition persuasive.

TAF requests to file its entire motion for summary judgment and all its exhibits under seal because the motion is "replete with references to Plaintiff's medical records." ECF No. 433 at 3. However, requests to seal must be narrowly tailored. *Whitewater W. Indus. v. Pac. Surf Designs, Inc.*, 2018 U.S. Dist. LEXIS 101720, at *6 (S.D. Cal. June 13, 2018). "[S]ealing documents is improper when confidential information can instead be redacted." *Chaker-Delnero v. Nevada Fed. Credit Union*, 2021 WL 3199215, at *2 (D. Nev. July 28, 2021) (quoting *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011)). Looking at TAF's motion and considering the importance of public access to judicial records, *Kamakana*, 447 F.3d at 1178, I find that the references to Borenstein's medical history or records in the motion itself can be redacted and the motion itself need not be sealed in its entirety. Further, only the exhibits containing Borenstein's medical records will be allowed to be filed under seal. *See* Def.'s Exs. C, D, E, H, I, J, L, M, N, O, R, ECF Nos. 432-3, 432-4, 432-5, 432-8, 432-9, 432-10, 432-12, 432-13, 432-14, 432-15, 432-18. Consequently, I grant TAF's motion for leave to file under seal in part and deny it in part.

5

Borenstein argues that the motion for summary judgment was filed after the deadline for dispositive motions and is untimely. ECF No. 435 at 2. I agree. On August 2, 2023, I extended the deadline for dispositive motions in this case and ordered that they would be due no later than thirty days after my order on any motions to dismiss Borenstein's third amended complaint. Min. order, ECF No. 337. Subsequently, TAF filed a motion to dismiss Borenstein's third amended complaint on August 23, 2023. ECF No. 343. On May 23, 2024, I granted TAF's motion to dismiss in part and denied it in part. ECF No. 423. TAF had until June 22, 2024, to file any dispositive motions. However, without any explanation, TAF filed its motion for summary judgment three days late, on June 25, 2024. Def.'s mot. for summ. j., ECF No. 432. Because the motion is untimely, I deny TAF's motion for summary judgment. *See Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, 2013 U.S. Dist. LEXIS 132952, at *39 (E.D. Cal. Sep. 16, 2023) (denying party's motion to dismiss as untimely). I also note that this is not the first time that TAF has been unable to comply with court-ordered deadlines.[4] Indeed the docket reflects an unacceptable number of untimely filings by both Borenstein and TAF.

Rule 56 provides that after giving parties notice and a reasonable time to respond, a court may "consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute." Fed. R. Civ. P. 56(f)(3); *see Hybrid Int'l, LLC v. Scotia Int'l of Nev., Inc.*, 2022 U.S. Dist. LEXIS 210406, at *5–6 (D. Nev. Nov. 21, 2022). Although I have denied TAF's motion for summary judgment as untimely, exercising the discretion afforded by Federal Rule of Civil Procedure 56(e)(4), I sua sponte direct TAF to re-file a motion for summary judgment addressing only the unreasonable seizure claim and the negligent training, supervision, and retention claim. Borenstein will then have the opportunity to file an opposition within 14 days. *See Nationstar Mortg. LLC v. Galvin*, 2018 U.S. Dist. LEXIS 135327, at *16 (D. Mass. Aug. 10, 2018). Any reply is due seven days after Borenstein files an opposition.

---

[4] *See* ECF No. 335, min. order (TAF's motion for protective order was untimely); ECF No, 415, min. order (explaining that both sides, including TAF have a history of seeking extensions to briefing deadlines at "literally the eleventh hour").

6

### C. Borenstein's motion to seal is granted in part.

As indicated above, despite opposing both of defendants' motions for leave to file under seal, Borenstein files his own motion for leave to file under seal the exact same information that defendants request to file under seal—namely Borenstein's medical records and information relating to his medical treatment. ECF No. 447. In his motion, Borenstein uses the same argument—that sensitive health information, including medical records, are considered personal-data identifiers that should not be disclosed—as both Clark County and TAF. *Compare* Pl.'s mot. ECF no. 447 at 3 *with* Def. Clark Cnty.'s mot., ECF No. 429 at 3 *and* Def. TAF's mot, ECF No. 433 at 2. Indeed, to justify his own motion for leave to file under seal, Borenstein writes "contained in this opposition are citations and quotations to Plaintiff's medical records, along with additional medical records included as exhibits, some or all of which contain personal health information, which are confidential in nature and subject to this Court's protection order." ECF No. 447 at 2. Borenstein's decision to oppose both motions to seal while simultaneously filing his own motion to seal the *same* information using the *same* argument is at best disingenuous and at worst a violation of Nevada Rule of Professional Conduct 3.3—candor towards the tribunal. Nev. R. Prof. Cond. 3.3.

Nonetheless, and despite his duplicitous arguments, I agree that Bornstein's medical records, and any personal health information warrant sealing. *See Gary*, 2018 U.S. Dist. LEXIS 64186, at *7–9. However, given that Borenstein can easily redact any references to his medical records or disabilities in his opposition, I order him to redact the information in the opposition as opposed to sealing the entire motion. *See Chaker-Delnero*, 2021 WL 3199215, at *2. The medical records that Borenstein wishes to attach as exhibits can be filed under seal. Therefore, I grant Bornstein's motion for leave to file under seal in part and deny it in part.

### III. Conclusion[5]

IT IS THEREFORE ORDERED that Clark County's motion for leave to file under seal **[ECF No. 429] is granted.** Clark County is directed to file its motion for summary judgment unsealed, with any references to Borenstein's medical records redacted, by November 6, 2024. Clark County is further ordered to re-file Exhibits B and C separately and under seal.

IT IS FURTHER ORDERED that TAF's motion for leave to file under seal **[ECF No. 433] is granted in part.** TAF's motion for summary judgment **[ECF No. 432] is denied without prejudice**. TAF is directed to refile its motion for summary judgment addressing only the unreasonable seizure claim and the negligent training, supervision, and retention claim by November 6, 2024. TAF is further directed to file its motion for summary judgment, unsealed, with any information relating to Borenstein's medical records redacted. TAF is also directed to re-file exhibits C, D, E, H, I, J, L, M, N, O, R under seal. Borenstein must file any opposition to TAF's motion for summary judgment within twenty-one days of it being docketed. Any reply is due fourteen days after the opposition is filed.

IT IS FURTHER ORDERD that Borenstein's motion for leave to file under seal **[ECF No. 447] is granted in part.** Borenstein is directed to refile its opposition to Clark County's motion for summary judgment unsealed with any references to his medical records redacted. Borenstein is further directed to file exhibits 7 and 8 separately and under seal.

IT IS FURTHER ORDERD that Borenstein's motion for leave to file a surreply **[ECF No. 438] is granted**.

Dated: October 22, 2024

_____
Cristina D. Silva
United States District Judge

---

[5] Given the actions of both Borenstein and TAF, a separate order to show cause as to why these parties should not be sanctioned is forthcoming.