UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brian Borenstein,<br><br>            Plaintiff<br><br>v.<br><br>The Animal Foundation, et al.,<br><br>            Defendants | Case No. 2:19-cv-00985-CDS-NJK<br><br>**Order Granting Plaintiff's Motion to Strike and Motion for Clarification**<br><br>[ECF Nos. 432, 443, 466, 470, 471] |

Plaintiff Brian Borenstein filed a motion to strike (ECF No. 466) and a motion for clarification (ECF No. 470) in response to my order pertaining to defendant Clark County and The Animal Foundation's (TAF) motions to seal ("October 22 order").[1] For the reasons herein, I grant both motions.[2]

### I.    Motion to Strike

In the October 22 order, I directed TAF to re-file its motion for summary judgment addressing only the unreasonable seizure claim and the negligent training, supervision, and retention claim. Order, ECF No. 454. TAF did so on November 6, 2024. ECF No. 459. Borenstein now moves to strike the motion for summary judgment because it is not the renewed motion for summary judgment on the two claims permitted by the Court but is instead a new motion with different legal arguments and an "enhanced" facts section. ECF No. 466 at 2. After reviewing the motion for summary judgment filed on November 6, 2024, and comparing it with the previous

---

[1] In the October 22 order, I directed Borenstein to **refile** his opposition to Clark County's motion for summary judgment unsealed with any references to his medical records redacted and to file exhibits 7 and 8 separately under seal. ECF No. 454 at 8. Instead of doing so, Borenstein filed a notice of compliance. ECF No. 462. Per my order, Borenstein is again ordered to **refile** his opposition unsealed with any references to medical records redacted and to file exhibits 7 and 8 separately under seal. Failure to do so may result in sanctions from the court.

[2] Borenstein also filed a motion to stay his response deadline to TAF's motion for summary judgment (ECF No. 471). This motion is **denied.** I provide clarification on Borenstein's response timeline in the conclusion of this order.

motion filed on June 21, 2024, I agree that there are inconsistencies between the two. Therefore, Borenstein's motion to strike is granted. TAF is directed to refile the *same* motion for summary judgment that was filed on June 21, 2024, with only the arguments addressing the unreasonable seizure claim and the negligent training, supervision and retention claim by December 6, 2024. Any response by Borenstein is due twenty-one days after the motion is docketed.[3]

II.     **Borenstein's motion for clarification**

Borenstein moves for clarification (ECF No. 470) following the October 22 order (ECF No. 454). Borenstein moves to clarify (1) whether I will rule on plaintiff's various evidentiary objections made in the opposition to the motions to seal, and (2) whether I will accept his late opposition to the County's motion for summary judgment because Clark County's motion was not served in accordance with LR IA 10-5(d). ECF No. 470 at 2–4. Separately, in my October 22 order, I directed TAF to refile its summary judgment motion including only the unreasonable seizure claim and the negligent training, supervision, and retention claim. ECF No. 454 at 6. In his motion for clarification, Borenstein requests I identify the material facts that may not genuinely be in dispute. ECF No. 470 at 5. I grant Borenstein's motion for clarification and address each of Borenstein's requests.

First, Borenstein wishes to clarify whether I will rule on his evidentiary objections in the opposition to the motion to seal which he has incorporated into his opposition to Clark County's motion for summary judgment. ECF No. 470 at 3. When reviewing the opposition, I will rule on any evidentiary objections that are relevant to the resolution of the summary judgment motion. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006) (proceeding with only necessary rulings on the evidentiary objections).

---

[3] The court recognizes that there was a typo in its October 22 order. Borenstein is given twenty-one days to respond to TAF's motion for summary judgment once it is filed by the new deadline.

1        Second, Borenstein wishes to clarify whether I will accept his opposition to Clark County's motion for summary judgment. ECF No. 470 at 4. Instead of filing an opposition to Clark County's motion for summary judgment, on July 12, 2024, Borenstein filed a "Notice of Intent to Respond and Oppose Defendant County of Clark's Motion for Summary Judgment." Notice, ECF No. 439. In it, Borenstein explains that he did not receive a paper copy of the motion pursuant to Local Rule IC 4-1(c)(4). *Id.* at 2. Therefore, he claimed he had not had the opportunity to fully and fairly respond to the motion by the July 12 deadline. *Id.* at 3. In response to this notice, Clark County explained that paper copies of the motion were mailed at the time of filing and that it was unclear as to why Borenstein's counsel did not receive them.[4] ECF No. 442 at 2. Further, after being notified that Borenstein had not received the paper copies, Clark County re-sent the copies on July 15, 2024. *Id.* Borenstein ultimately filed his opposition on August 12, 2024. Opp'n, ECF No. 445.

       When addressing the issue in the October 22 order, I explained that I was satisfied by Clark County's explanation. ECF No. 454 at 4. In the instant motion, Borenstein accuses the court of being illogical in finding that Borenstein's counsel's sworn declarations of non-receipt were less reliable than Clark County's "unsupported" argument that it had mailed the motion. ECF No. 470 at 3–4. But Clark County did not merely provide an "unsupported" argument that it had mailed the motion, it pointed to its motion for summary judgment's certificate of service indicating the copies had been mailed. ECF No. 442 at 2. Borenstein *assumes* that I believe he had in fact received the motion, despite his proclamation that he had not. This is incorrect. I simply stated that I believed that Clark County had in fact mailed the motion, and made no finding, one way or the other, as to whether Borenstein received it. Understanding that there were issues relating to when Borenstein received paper copies of the motion, I will accept his response brief

---

[4] Additionally, Clark County emailed the documents to Borenstein on June 21, 2024. Def.'s Ex. A, ECF No. 442-1; Def.'s Ex. B, ECF No. 442-2.

despite its untimeliness.[5] Any reply from Clark County is due seven days after this order is docketed.

Lastly, the court directed TAF to refile its summary judgment motion including only the unreasonable seizure claim and the negligent training, supervision and retention claim. ECF No. 454 at 6. In response, Borenstein requests that I identify the material facts that may not genuinely be in dispute. The court grants that request and identifies the following material facts that are not genuinely in dispute:

**A. Unreasonable seizure claim.**
1. The Shelter Agreement between Clark County and TAF does not govern TAF's adoption related services. *See* Agreement, TAF Ex. B, ECF No. 432-2.
2. TAF's shelter services are separate and distinct from its Adoption Center. TAF Ex. P, ECF No. 432-16 at 5.

**B. Negligent training, supervision and retention claim.**
1. Carly Scholten was properly hired for the position of supervisor. *See* TAF Ex. S, ECF No. 432-19 at 4–7.
2. TAF's baseline training program sufficiently ensures that all individuals visiting TAF are treated with respect. *See* TAF Ex. K, ECF No. 432-11 at 4.

### III. Conclusion

IT IS THEREFORE ORDERED that Borenstein's motion to strike **[ECF No. 466] is GRANTED.** TAF is directed to refile by November 19, 2024, the *same* motion for summary judgment that was filed on June 21, 2024 (found at ECF No. 432), with only the arguments addressing the unreasonable seizure claim and the negligent training, supervision and retention claim. Any response by Borenstein is due twenty-one days after the motion is docketed. Any

---

[5] As I am accepting Borenstein's untimely opposition, his motion to extend (ECF No. 443) is denied as moot.

reply by TAF is due seven days after the response is docketed. The Clerk of Court is instructed to strike ECF No. 432.

IT IS FURTHER ORDERED that any reply by Clark County to Borenstein's opposition (ECF No. 445) to Clark County's motion to summary judgment (ECF No. 428) is due within seven days of this order.

IT IS FURTHER ORDERED that Borenstein's motion for extension of time [ECF No. 443] is DENIED as moot.

IT IS FURTHER ORDERED that Borenstein's motion for clarification [ECF No. 470] is GRANTED.

IT IS FURTHER ORDERED that Borenstein's motion to stay [ECF No. 471] is DENIED.

Dated: November 22, 2024

_____
Cristina D. Silva
United States District Judge