UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brian Borenstein,

    Plaintiff

v.

The Animal Foundation, et al.,

    Defendants

Case No. 2:19-cv-00985-CDS-NJK

**Order Admonishing Plaintiff and Discharging Show-Cause Order**

  On October 23, 2024, I issued an order to show cause to Borenstein's attorneys requiring them to demonstrate why they should not be sanctioned for opposing motions to seal by defendants while simultaneously filing a motion to seal the same medical information. ECF No. 457. In their response, Raelene K. Palmer and Robert S. Melcic[1] state (1) they did not make inconsistent arguments by opposing defendants' motions to seal and simultaneously seeking to seal information, and (2) they have concerns with my "partiality and seemingly increasing antagonism towards them and Plaintiff." ECF No. 464 at 5–6. I will address each issue in turn.

  **A. Borenstein's attorneys' argument that they did not make inconsistent arguments in violation of Rule 3.3 is not persuasive.**

  Curiously, Ms. Palmer and Mr. Melcic first argue that they did not violate the Nevada Rules of Professional Conduct, but if they *had*, they would have violated Rule 3.1 and not Rule 3.3 as cited to in the show cause order. ECF No. 464 at 5. I do not find this argument persuasive. Nevada Rule of Professional Conduct 3.3(a)(1) states that, "a lawyer shall not knowingly: make a

---

[1] My order to show cause also included attorney Richard Retamar, whose name is on the briefings. Until the response to the show cause order was filed, the court had no information regarding the extent of Mr. Retamar's involvement in the briefing that gave rise to the order. Ms. Palmer and Mr. Melcic argue that Mr. Retamar should not have been included in this order because he was not involved in the briefings. ECF No. 464 at 2 n.1. This is incorrect. Courts in this circuit have sanctioned attorneys who sign filings notwithstanding their limited involvement in investigating or drafting them. *See Lake v. Fontes*, 2023 U.S. Dist. LEXIS 122594, at *31 (D. Ariz. July 14, 2023). Therefore, the court has the power to sanction Mr. Retamar as it sees fit. However, given Ms. Palmer and Mr. Melcic's representations about Mr. Retamar's lack of involvement, the court declines to further include him in resolving the order to show cause.

false statement of fact or law to a tribunal[.]" Nev. R. Prof. Cond. 3.3(a)(1). Ms. Palmer and Mr. Melcic filed oppositions to defendants' motion to seal stating that the information defendants wanted to seal—Borenstein's medical records—was prejudicial and improper hearsay while they *simultaneously* requested the court seal Borenstein's medical records in its own motion. *See* ECF No. 457 at 2–3. They repeated this violation in their response to this court's show cause order by insisting they filed an opposition to only "the redaction of those portions of the County's underseal submission that did not contain protected health information." ECF No. 464 at 3. But Borenstein's attorneys cannot rewrite history; the pleadings speak for themselves. In its opposition to the Clark County motion, Ms. Palmer and Mr. Melcic write, "all citations to and quotes from *medical records* in exhibits B and C should be stricken." ECF No. 431 at 8 (emphasis added). Therefore, Ms. Palmer and Mr. Melcic were in fact opposing the inclusion of certain health information. In that same opposition, it is true that Borenstein's attorneys did identify specific sections they argued should not be sealed, specifically ECF No. 428, at 4:10, 4:11–12, 4:12–13, 4:14–15, 4:28–5:1, 6:5, 6:8, 6:11, 6:12, 6:13, 6:19–22, and 17:19–22. ECF No. 431 at 8. However, the opposition did not address redaction as an alternative, even though some of the information, such as the information written at 4:10–15, 4:28–5:1, and 6:19–22, discusses—albeit generally—Borenstein's medical care and history, and could arguably be subject to redaction or sealing. But that is not where the opposition stopped. Instead of addressing the sealing or redaction standard, the opposition complained that the County filed 94 pages under seal but only cited to two of the documents in its brief and stated "[t]he other four are not cited at all."[2] *Id.* at 6–7. As relief, Borenstein asked that certain redactions and exhibits be *stricken* and lodged evidentiary objections that were irrelevant to resolving the motion to seal. *See* ECF No. 431 at 3–5, 7–8. Borenstein did not agree that any part of the County's motion or exhibits should be sealed, or in the alternative, redacted. In *Kamakana v. City and Cnty. of Honolulu*, the Ninth Circuit adopted the "compelling reasons" standard for determining whether a document should be

---

[2] It is unclear what "the other four" is referencing.

sealed to protect the public's right to inspect and copy public records and documents. 447 F.3d 1172 (9th Cir. 2006). The sole question the court asks in deciding if a document should be sealed is whether the public should have access to the documents. *See id.* ("[C]ourts must conscientiously balance the competing interest of the public and the party who seeks to keep certain judicial records secret.") (internal quotations and citation omitted). When considering this question, the Ninth Circuit has consistently held that medical records and personal health information are information that the public should not have access to. *See Gary v. Unum Life Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 64186, at *7–9 (D. Or. Apr. 17, 2018) (collecting cases). Therefore, the focus of an opposition to a motion to seal is why the public should have access to the documents a party wishes to seal, not why the documents the party wishes to seal should be kept entirely out of the record. In their opposition, Ms. Palmer and Mr. Melcic state the *Kamakana* standard, and then proceed to ignore it entirely, instead lodging irrelevant evidentiary objections to the contents of the motion for summary judgment. If Ms. Palmer and Mr. Melcic take issue with the evidence presented in defendants' motions for summary judgment, opposing the motion to seal is not the proper way to do so. Any objections to the evidence are more properly raised through a motion in limine, or in opposition to the motion for summary judgment itself. *See Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 U.S. Dist. LEXIS 141013, at *2 (C.D. Cal. May 19, 2010) ("under appropriate circumstances, motions in limine may be used to exclude inadmissible or prejudicial evidence before it is actually offered").

After opposing Clark County's motion to seal Borenstein filed his own motion to seal, wherein Ms. Palmer and Mr. Melcic requested that the court redact or seal "citations and quotations of Plaintiff's medical records, along with additional medical records included as exhibits, some or all of which contain personal health information." ECF No. 447 at 2. This request echoes Clark County's request in its original motion to seal where it said, "within the motion Clark county refers to and quotes from various medical records which are confidential in nature. . . Some medical records are also attached as exhibits." ECF No. 429 at 2. Further, Ms.

Palmer and Mr. Melcic's argument in favor of sealing Borenstein's medical information is *identical* to Clark County's argument. *Compare* def.'s mot. to seal, ECF No. 429 at 3 *with* pl.'s mot. to seal, ECF No. 447 at 3. The irrelevancy of the arguments raised in opposition to Clark County's motion to seal aside, and the failure to address the proper standard for sealing and/or reaction, it is inconsistent and disingenuous to oppose sealing of medical records in the motion for summary judgment, whilst requesting that medical records be sealed in a subsequent filing. Stated otherwise, Borenstein's counsel lacked good faith in lodging inconsistent and disingenuous arguments, and knowingly failed to disclose to the court that legal authority supported sealing much of the information in Clark County's motion to seal. *See* Nev. R. Prof. Cond. 3.1 and 3.3(a)(2).

Therefore, I do not find Ms. Palmer and Mr. Melcic's arguments that they did not provide inconsistent arguments in the oppositions to the defendants' motions to seal and their own motion to seal convincing. They failed to meaningfully address the proper standard, lodged irrelevant objections, failed to disclose to relevant legal authority, and then moved to seal some of the same information.

### B. Borenstein's attorneys' concerns regarding partiality

In response to the order to show cause, Ms. Palmer and Mr. Melcic bring up concerns about my "partiality and seemingly increasing antagonism towards them[.]" ECF No. 464 at 6. I construe this argument as a suggestion that I recuse myself. A response to an order to show cause is not the appropriate vehicle to move for recusal. *See* 28 U.S.C. §§ 144, 455. Accordingly, such arguments will not be addressed.

### C. Unprofessionalism and counsel's representations of a potential inability to manage this case.

I am disappointed in counsel's response to my order to show cause. Despite stating that they "take the Court's allegations very seriously[,]" counsel again includes misleading arguments and improperly uses their response as a vehicle to accuse the court of antagonism, partiality, and

disparate treatment. ECF No. 464 at 5, 6–8. The court recognizes that counsel must be a zealous advocate for her client. Indeed, "[z]ealous advocacy is the cornerstone of good lawyering and the bedrock of a just legal system. However, zeal cannot give way to unprofessionalism, [or] noncompliance with court rules." *Thomas v. City of N. Las Vegas*, 127 P.3d 1057, 1067 (Nev. 2006). Participation in this court's pro bono program is also not a free pass to engage in unprofessional behavior. Plaintiff's counsel has been cautioned about their pleadings more than once in this action. In August of 2022, plaintiff's counsel was cautioned that their "arguments presented in [the] motion practice may have veered beyond zealous advocacy into the realm of improper lawyering," and were reminded that they must "ensure that they fulfill their obligations as officers of the Court." Order, ECF No. 268 at 8, n.13. In June of 2023, after a defendant moved for sanctions against counsel, I cautioned counsel regarding Federal Rule of Civil Procedure 8's requirement that a complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Order, ECF No. 322 at 4.[3] Despite these cautions, in a recent objection to an order issued by Magistrate Judge Koppe, Borenstein accused the judge of making "pejorative statements." ECF No. 420 at 11. And, as addressed above, counsel makes arguments and suggestions about this court's impartiality without filing a proper motion for recusal.

The court will not tolerate this continued unprofessional behavior. While the court would be fully justified in sanctioning Ms. Palmer and Mr. Melcic, the court instead **ADMONISHES** Ms. Palmer and Mr. Melcic to give them the opportunity to correct their behavior. Ms. Palmer and Mr. Melcic can expect sanctions and/or discipline should this unprofessionalism continue.

Further, counsel's response to the show cause order expresses concerns about continuing to represent Mr. Borenstein in this action. The court takes no position regarding counsel's concerns other than to state that if withdrawal is necessary to comply with their

---

[3] This was not the first-time counsel was cautioned about their pleadings. *See* ECF No. 289 at 9, n.7. Similar concerns were expressed by the court during a hearing with counsel on May 4, 2023. ECF No. 305.

professional responsibility obligations, they may file a motion to withdraw to do so. *See* Nev. R. Prof. Cond. 1.16 (Declining or Terminating Representation).

As a result of this admonishment, the show-cause order is hereby discharged against both Ms. Palmer and Mr. Melcic.

Dated: November 22, 2024

_____
Cristina D. Silva
United States District Judge