# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN BORENSTEIN,

    Plaintiff,

v.

THE ANIMAL FOUNDATION et al.,

    Defendants.

Case No. 2:19-cv-00985-CDS-NJK

**Order**

[Docket No. 496]

Pending before the Court is the parties' stipulation to extend the joint pre-trial order deadline. Docket No. 496.

On May 30, 2025, the parties filed the first stipulation to extend the joint pre-trial order deadline, submitting that "both parties are actively engaging in discussion concerning the possibility of settlement and further mediation while also preparing for trial." Docket No. 492 at 1. The Court granted that stipulation. Docket No. 493. On July 24, 2025, the parties filed the second stipulation to extend the joint pre-trial order deadline, again submitting that "coinciding deadlines in other cases," "scheduling matters for the parties' counsel," ongoing "settlement discussions," and the "mediator's schedule" necessitated the delay. Docket No. 494 at 1-2. The Court granted that stipulation as well. Docket No. 495. The instant motion is the parties' third request to extend the joint pre-trial order deadline. Docket No. 496.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967

(N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

The parties, again, seek to extend the joint pretrial order deadline. Docket No. 496. This is the third time the parties have submitted that counsels' schedules, settlement discussions, and potential mediation necessitate the extension. Docket Nos. 492, 494, 496. However, counsels' busy litigation schedule, the existence of settlement discussions, and potential mediation are not generally grounds to modify case management deadlines. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179-82 (D. Nev. 2022). Further, the parties have not provided any information as to the dates of future mediation or the specific actions taken to facilitate settlement.

Nonetheless, the Court will GRANT the stipulation. Docket No. 496. The parties are INSTRUCTED that any future extension request should include the date of mediation and further details regarding actions taken to facilitate settlement.

IT IS SO ORDERED.

Dated: August 21, 2025

_____
Nancy J. Koppe
United States Magistrate Judge