UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brian Borenstein,<br>Plaintiff<br>v.<br>The Animal Foundation,<br>Defendant | Case No. 2:19-cv-00985-CDS-NJK<br>**Order Denying Defendant's Motion to Preclude Borenstein from Seeking General Damages in Excess of $100,824.00** |

This is a discrimination action that is set for trial to commence on September 14, 2026. Both parties filed motions in limine (MILs). *See* ECF Nos. 512, 516. The majority of the MILs were resolved during the continued calendar call on September 10, 2026. However, the court took one part of the defendant's motion to exclude damages that were not disclosed pursuant to Fed. R. Civ. P. 26 under advisement. *See* ECF No. 516.[1] Borenstein filed a limited opposition to TAF's motion. Opp'n, ECF No. 517. For the reasons set forth herein, I deny without prejudice TAF's motion in limine to preclude Borenstein from seeking general damages in amount greater than $100,824.00. However, Borenstein must disclose to TAF the amount of general damages he seeks no later than 12:00 p.m. on Saturday, September 12, 2026.

## I. Discussion

Motions in limine are a well-recognized judicial practice authorized under case law. *See Ohler v. United States*, 529 U.S. 753, 758 (2000). The court's power to rule on motions in limine stems from "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Regardless of the court's initial decision on a motion in limine, any issues can be revisited during the course of a trial. *See* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing in the amendment

[1] This motion is granted in part and denied in part for the reasons set forth in this order and on the record during the September 10, 2026 continued calendar call.

prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41–42).

TAF moves to preclude Borenstein from seeking general damages in an amount greater than $100,824.00, because only that amount was disclosed, it was only an approximate amount of general damages through June 4, 2021, and he never filed any subsequent disclosures or computations. *See* ECF No. 516 at 2. TAF further argues that Borenstein's deposition did not clarify how much in general damages Borenstein would seek at trial but rather confirmed that there was no computation or value to the damages Borenstein claims. *See id.* at 5–8. As a result, TAF asserts that Borenstein can only seek general damages in the amount of $100,824—the amount of damages that was properly disclosed. *See id.*

In opposition, Borenstein does not contest that only $100,824 was disclosed as general damages during discovery, but avers that "general damages for emotional harm, mental anguish, humiliation, and loss of enjoyment of life are not reducible to arithmetic" so Rule26(a)(1)(A)(iii) does not apply. ECF No. 517 at 4–5. Borenstein further argues that he properly disclosed that the amount of damages, which was an "approximate" figure, and that amount of damages is a question for the jury to decide. *Id.* at 5. Finally, Borenstein argues that outright exclusion is not supported by Rule 37. *Id.* at 6–8.

It's axiomatic that "one of the most basic propositions of law [is that] that the plaintiff bears the burden of proving his case, including the amount of damages." *Faria v. M/V Louise*, 945 F.2d 1142, 1143 (9th Cir. 1991) (citation omitted). This is consistent with the purpose behind Rule 26(a)(1)(A)(iii), which requires the disclosure of "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Related, Rule

26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The remedy for not complying with disclosure requirements is set forth in Fed. R. Civ. P. 37(c)(1), which prohibits the use at trial of any information that is not properly disclosed. There is an exception to exclusion, that it is not appropriate if the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Tort damages are generally not subject to a damages computation. *See Vance v. Am. Hawaii Cruises, Inc.*, 789 F.2d 790, 794 (9th Cir. 1986); *see also Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011) (accepting plaintiff's argument that Rule 26(a) does not require a computation of general damages for pain and suffering or emotional distress because such damages are subjective and do not lend themselves to computation). Although this is not a traditional tort action, Borenstein's theory is that TAF intentionally discriminated and retaliated against him, so tort principles apply here, not Rule 26(a).

Ironically, Borenstein has alleged that TAF is playing "hide the ball." But Borenstein should have disclosed the amount of damages, much like it should have clearly enumerated what remedies it was seeking for the ADA claims, long ago. Indeed, a court should not be required to order a plaintiff to clarify the remedies it seeks at calendar call or through subsequent orders. Gamesmanship is abound, and it's inexcusable. Nonetheless, because TAF could have moved to compel this information at an early time, I decline to preclude Borenstein from seeking general damages in excess of $100,824.00 at this time.[2] However, if Borenstein intends to suggest a specific amount to the jury, he must provide TAF with notice of that amount no later than 12:00 p.m. on Saturday, September 12, 2026.

---

[2] Because this is a motion in limine, this issue can be revisited during the course of a trial if necessary.

## II. Conclusion

IT IS THEREFORE ORDERED that the defendant's motion in limine to preclude Borenstein from seeking general damages in excess of $100,824.00 is denied without prejudice.

IT IS FURTHER ORDERED that Borenstein must provide TAF with the total amount of general damages he intends to seek at trial no later than 12:00 p.m. on Saturday, September 12, 2026.

Dated: September 11, 2026

_______________________________
Cristina D. Silva
United States District Judge