UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brian Borenstein,<br><br>Plaintiff<br><br>v.<br><br>The Animal Foundation,<br><br>Defendant | Case No: 2:19-cv-00985-CDS-NJK<br><br>**Order Denying Raelene Palmer's Motion for Recusal or Disqualification and Request to Defer Adjudication of Attorney's Lien Motion**<br><br>[ECF No. 572] |

On October 16, 2026, Raelene Palmer, plaintiff Brian Borenstein's former counsel, filed a motion for recusal and disqualification under 28 U.S.C. §§ 144 and 455(a) and (b)(1), which included a request to defer ruling on Borenstein's motion to adjudicate (ECF No. 565) and Palmer's noticed attorney's lien (ECF No. 564) pending resolution of the question of recusal and disqualification. Mot., ECF No. 572. I heard the motion for recusal and disqualification and the motion to adjudicate on October 20, 2026. *See* Min., ECF Nos. 568, 575. During that hearing, I denied the recusal and disqualification motion and thereafter took the matter of the lien under advisement. For the reasons set forth during the hearing and herein, the motion for recusal and disqualification is denied, and Palmer's request to defer ruling on the motion to adjudicate is denied as moot given that I ruled on the issue of recusal and disqualification at the hearing.

## I. Legal standard

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein[.]" 28 U.S.C. § 144. Section 144 further requires that the affidavit "state the facts and the reasons for the belief that bias or prejudice exists." *Id.* Disqualification

under Section 144 "requires 'personal bias or prejudice' against a party." *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1050 (5th Cir. 1975).

Under § 455(a), a judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned" (i.e., the appearance of bias). Moreover, under § 455(b)(1), a judge of the United States shall disqualify herself when she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding (i.e., actual bias). 28 U.S.C. § 455(b)(1). Recusal of a federal judge is appropriate under § 455(a) for the appearance of bias or under § 455(b)(1) for actual bias if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted); *accord Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *2 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

Thus, the standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is essentially the same, that "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Section 455 however, imposes an affirmative duty upon judges to recuse themselves, whereas § 144 of the same title "provides a procedure for a party to recuse a judge." *Yagman*, 987 F.2d at 626.

Ordinarily, any alleged bias under § 144 and § 455(a) and (b)(1) must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554–56 (1994). However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair

judgment impossible." *Id.* at 555. Thus, "[p]arties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." *United States v. Frias–Ramirez*, 670 F.2d 849, 853 n.6 (9th Cir. 1982); *see also United States v. Wilkerson*, 208 F.3d 794, 799 (9th Cir. 2000) ("To disqualify a judge, the alleged bias must constitute animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." (internal quotation marks omitted)).

**II. Discussion**

Palmer asks that I recuse or disqualify myself from resolving her motion to adjudicate her attorney's lien because, pursuant to Canon 3(B)(6) of the Code of Conduct for United States Judges,[1] I sent a letter to the State Bar of Nevada detailing concerning behavior by Palmer throughout her representation of Borenstein. *See* ECF No. 572. Specifically, Palmer states in the declaration she submitted in support of her motion that I told the State Bar she had "a potential fixation over fees" and that I had "serious concerns" about her litigation tactics, including because she had "unexplained emotional and unprofessional conduct." Decl., ECF No. 574-1 at 3–4. Based on those facts, Palmer essentially contends that because that referral letter was sent, I have "prejudged" the pending motion to adjudicate the attorney's lien. *See id.*

However, as recognized by Palmer, neither a state bar referral nor ordinary criticisms of an attorney alone warrant recusal. *See* ECF No. 572 at 2. Likewise, she states that this motion is not because I encouraged settlement, discharged her as counsel of record, and issued an "adverse procedural ruling against her."[2] *Id.* at 9. She further recognizes that in the ordinary course, judicial rulings and litigation-derived opinions do not establish disqualifying impartiality. *Id.* (citing *Liteky*, 510 U.S. at 554–56). Instead, she "asks the Court to evaluate the exceptional,

---

[1] That Canon provides that "[a] judge should take appropriate action upon receipt of reliable information indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct."

[2] At the October 20, 2026 hearing, Palmer's counsel clarified that this procedural ruling was my issuance of an order to show cause against The Animal Foundation and Borenstein's then-counsel that I later allegedly limited to just Palmer. While I did ultimately admonish Palmer, I also admonished The Animal Foundation and one of Borenstein's other attorneys, Robert Melcic. ECF Nos. 474–75.

cumulative showing alleged here: unresolved accusations about her professional and compensation-related conduct, reliance on unspecified settlement observations, the procedural exclusion of a contemporaneous objection, and the later claim-specific adverse assessment described in the referral." *Id.* Indeed, Palmer argues that "[t]he Court should not carry an untested settlement-obstruction narrative into adjudication of Palmer's own claim" and that "[t]he question is whether the complete sequence, including the specific referral language already identified, creates an objectively reasonable concern that [Palmer's] protective actions and credibility have been prejudged." *Id.* at 9. Said differently, Palmer is concerned that I have already determined that she prioritized collecting attorney fees for herself over Borenstein's interests and that I will therefore either not award her the attorney fees she believes she is entitled to under NRS 18.015(2)[3] because I will not find any fee she seeks "reasonable" in light of her actions (i.e., purported actual bias) or that it at least appears that way (i.e., the purported appearance of bias).

The allegations in Palmer's declaration and the argument she raises in her motion do not require my disqualification under either § 144 or § 455(a) or (b)(1). Palmer does not contend that my alleged bias is drawn from an extrajudicial source—rather, she details statements I made to the State Bar regarding what I observed and learned *while presiding over this action.*[4] Accordingly, Palmer needed to show that any opinion I have of her displayed a deep-seated antagonism that would make fair judgment regarding the reasonableness of fees *impossible*. While she states "[h]er position . . . is that the identified statements, considered together and in relation to the unresolved claim, demonstrate an entrenched adverse assessment of the individual whose credibility is now decisive," ECF No. 572 at 7, she does not explain *how* any opinion I may have of

---

[3] NRS 18.015(1)–(2) provides that "[a]n attorney at law shall have a lien . . . [u]pon any claim, demand or cause of action, . . . which has been placed in the attorney's hands by a client for suit or collection" and that such lien is either "for the amount of any fee which has been agreed upon by the attorney and client" or "[i]n the absence of an agreement, . . . for a reasonable fee for the services which the attorney has rendered for the client."

[4] Even more, she acknowledged that I did not make any findings of misconduct to the State Bar related to what I observed and learned. ECF No. 574-1 at 3.

her would make a fair determination regarding the reasonableness of fees impossible, especially when any request for fees must be supported by the law, as well as documents and documentation establishing work completed and the time spent completing those items—similar to the itemization of costs that she submitted, *see* ECF No. 565-1 at 6–8. So her motion for recusal or disqualification under § 144 and § 455(a) and (b)(1) is denied.[5]

## III. Conclusion

IT IS HEREBY ORDERED that Palmer's motion for disqualification and recusal **[ECF No. 572] is DENIED**, including her request to defer adjudication of the lien because my rulings at the October 20, 2026 hearing mooted that request.

Dated: October 30, 2026

_______________________________
Cristina D. Silva
United States District Judge

---

[5] After applying the test for actual bias discussed in *U.S v. Holland*, 519 F.3d 909, 915 (9th Cir. 2008), I determined that I can be truly impartial when presiding over this matter. Palmer's motion under § 455(b)(1) can alternatively be denied for this reason.